DANIEL SMEAD v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

*Railway cattle-guards—Injury to animal on track.*

1 A declaration for an injury caused by the insufficiency of a cattle-guard should state in what particulars it was insufficient; and if it does not do so it is demurrable.

2. In an action for the loss of a colt killed upon a railway track in consequence of the insufficiency of the cattle-guards it was improper to ask the plaintiff and his witnesses whether, in their opinion, the cattle-guard was sufficient to prevent animals from getting on the right of way under circumstances ordinarily arising at those places.

3 Cattle-guards are sufficient if they are in good repair and of a pattern that has been found by experience effective in keeping from the track such animals as they are generally designed to restrain.

Error to Branch. (Pealer, J.) June 18–19.—Sept. 29.

CASE. Defendant brings error. Reversed.

*Millard & Weaver, O. G. Getzen-Danner* and *Ashley Pond* for appellant.

*John B. Shipman* for appellee.

SHERWOOD, J. The plaintiff in this case sued for the value of a colt killed by the defendant's engine upon its right of way in April, 1882, at or near a place called Payne's Crossing, in the town of Batavia in Branch county. The action is based upon that part of How. Stat. § 3377, relating to cattle-guards, reading as follows : " Every railroad company * * * shall erect and maintain fences on the sides of their respective roads of, the height and strength of a division fence required by law, with fences and cattle-guards at all highway and street crossings, *sufficient to prevent cattle or other animals from getting on such railroad.* * * * * Until such fences and cattle-guards or ditches shall be duly made, such company * * * shall be liable for all dam-

ages done to cattle or other animals thereon, which may result from the neglect of such company * * * to construct and maintain such fences, cattle-guards, or ditches, as aforesaid; and after such fences, cattle-guards, or ditches shall be duly made and maintained, such company or corporation shall not be liable for any such damages, unless negligently or willfully done." They were required to construct these protections within six months after the road was running.

The case was tried and submitted to the jury entirely under the first count of the declaration. This avers that the defendant, although operating the road for more than six months previous, did not construct and maintain a cattle-guard at the highway crossing where the colt was killed sufficient to prevent horses from getting on the railroad, and by reason of this neglect of duty the plaintiff's horse was enabled to and did get from the highway, over this poor cattle-guard, upon the railroad right of way, where it was killed by one of the defendant's trains. No point was made upon the sufficiency of the declaration.

The only question seriously controverted upon the trial was as to the sufficiency of the cattle-guard. The colt, in entering upon the defendant's right of way, jumped the cattle-guard at the highway crossing, and when the train came along the animal, in its fright and effort to escape, again attempted to jump the cattle-guard, and was caught, run over and killed. The guard was almost new, in good repair and complete in all its parts. The claim made by the plaintiff was that the cattle-guard was insufficient in its design and construction to meet the requirements of the statute above quoted. The cause was submitted to the jury under the charge given by the court, and a verdict was rendered against the defendant. The defendant brings error.

The facts in the case seem to have been substantially conceded, except as to the sufficiency of the cattle-guard. We quite agree with Judge Pealer, who tried the cause at the circuit, that " what kind of a guard should be used is quite a difficult question," to comply with the statute, and that " a fair construction of the law does not require the company to

construct a guard at its crossings that should keep animals from getting over it under a great degree of excitement " or in exceptional cases, or under extraordinary circumstances ; but it requires the company "to have such a guard as would turn back such beasts as are generally restrained, under such ordinary circumstances as may occur at such places, or may be reasonably expected to occur there." Of course the kind of guard which will accomplish this object can only be ascertained by observation and experience, and when the best and most approved is used, designed and constructed, as the result of the use of such means, and kept in proper place and good repair by the company, it has discharged its whole duty in the premises, and if a loss then occurs to the owner of an unruly or disorderly animal running in the highway, in its crossing or attempting to cross the guard, the loss must be borne by the owner, and cannot be attributed to any fault of the company.

The difficulty of determining the sufficiency of the cattle-guard is made apparent in the examination of the plaintiff's declaration in this case. He utterly fails therein, in either count, to point out any specific defect in which the insufficiency consists, but contents himself with relying upon the allegation of general insufficiency. Certainly the violation of or neglect to perform some specific and well-defined duty must be shown before any liability is incurred, and good pleading requires that this should appear in the declaration ; but no demurrer was interposed in this case, and this subject cannot be further considered, except to say that the testimony to prove the cause stated, with a single exception, was properly received.

The following question was put to the plaintiff and several of his witnesses, viz. : "In your opinion was the cattle-guard sufficient to prevent animals from getting on the right of way under circumstances ordinarily arising at those places ?" This question, and the one following it of a like nature, was permitted to be answered by the plaintiff and his witnesses, against the objection of defendant's counsel. This, we think, was error. The question called for answers giving merely

the opinions of the witnesses, and established no facts. Really, the facts stated by some of these witnesses, when given, tended strongly to contradict the opinion. It is quite elementary that a witness can only give his opinion in exceptional cases, and then only when his knowledge is such as to qualify him, to some extent, as an expert.

I think the rule is well stated in Best on Evidence, where he says: "This rule is necessary to prevent the other rules of evidence being practically nullified. If the opinions thus offered are founded on no evidence, or on illegal evidence, they ought not to be listened to; if founded on legal evidence, that evidence ought to be laid before the jury." 2 Best on Evidence 511, 517 and notes; *Joyce v. Insurance Co.* 45 Me. 168; *Ames v. Snider* 69 Ill. 376; *Whitmore v. Bowman* 4 G. Greene (Ia.) 148; *Veerhusen v. Chicago & N. W. Ry. Co.* 53 Wis. 689. The testimony was incompetent.

The evidence tended to show that the guard in question was the kind best approved now in use; that it is, and has been for many years, in use by the defendant on all its roads; and that it is also used by nearly all the principal railroads in the country; and, after making this proof, the defendant requested the court to charge the jury upon this subject as follows: "If this cattle-guard was sufficient to reasonably serve the purposes of turning back such beasts as cattle-guards are generally designed to restrain, then the defendant is not liable for not maintaining a better one, and your verdict must be for the defendant. The defendant is not bound to guard against unruly horses or other beasts. *Davidson v. Mich. Cent. R. R. Co.* 49 Mich. 428. Railroads are only held to the duty of being prudent railroad companies, and to the diligence embraced in good railroad management. The degree of care required in any business must be proportionate to its nature and risks. But the law does not require the business to be conducted upon any unusual basis, though the business be one of great risks, and requiring great care and caution. Railways fulfill their duty if they conduct their road in the manner generally found and believed safe by prudent railway companies. *Mich. Cent. R. R. Co. v. Cole-*

*man* 28 Mich. 448; *Grand Rapids & Ind. R. Co. v. Judson* 34 Mich. 507; *Mitchell v. Chicago & G. T. R. Co.* 51 Mich. 239. The burden of proof is on the plaintiff to prove every fact necessary to entitle him to recover. He must show by preponderance of testimony that this cattle-guard was not sufficient for the purposes for which it was intended and constructed. He must show that it was not sufficient to turn back and restrain such cattle, horses and other beasts or animals as such structures are designed to restrain. If this cattle-guard was in good repair and condition, and was of the same general construction and efficiency as cattle-guards in general use on railroads, and if such cattle-guards have, by experience, been found sufficient to turn back and restrain cattle, horses and other animals from getting on the railroad, then this cattle-guard must be deemed to be sufficient under the law, and your verdict must be for the defendant."

We think these requests were all proper and should have been given in this case. We do not think, under the testimony, the case should have been taken from the jury, but under proper rulings and instructions was one for the jury. For the error herein pointed out the judgment must be

Reversed and a new trial ordered.

Cooley, C. J. and Campbell, J. concurred.