Timins v. The Chicago, Rock Island & Pacific R'y Co.

---

TIMINS v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Instructions:** STATING ISSUES TO JURY: WHOLE CHARGE CONSID- ERED. It is not required that the issues should all be stated to the jury in a single paragraph of the instruction; it is sufficient if they are fairly stated, in some part of the charge, in such manner as to be understood by the jury. (See *opinion* for illustration.)

2. **Railroads:** SUFFICIENCY OF CATTLE-GUARDS: INJURY TO STOCK: FACTS FOR JURY. In an action for injury to horses which got upon the track over an alleged insufficient cattle-guard, while the jury might not infer the insufficiency of the cattle-guard from the fact that the horses passed over it by stepping between or upon the cross-ties, and the further fact that cattle-guards somewhat differently constructed were in use, yet they might properly consider such facts, in connection with other facts shown by the evidence concerning the construction of the cattle- guard in question, in determining the question of its sufficiency.

3. **Practice on Appeal:** OBJECTION TOO LATE. The objection that the trial court improperly received from the jury an answer to a special interrogatory, because it was indefinite, uncertain, and in the nature of a conclusion, cannot be considered when made for the first time in this court.

4. **Railroads:** INJURY TO STOCK: CONTRIBUTORY NEGLIGENCE: HORSES AT LARGE: QUESTION FOR JURY. In an action for injury to horses, which came upon defendant's track over an alleged insufficient cattle- guard, in a county where the herd law was in force, it appeared that plaintiff had been plowing with the horses in question until about seven o'clock P. M., when he came home, and turned the horses into a small lot where there was some grass, intending to leave them there, before

feeding them, while he ate his supper. There was an opening in the fence of the lot for a gate or bars; and across this opening plaintiff placed a pole about four feet from the ground, which was probably pushed down by the horses, and they escaped to the highway, and thence got upon the track. *Held* that it was for the jury to say whether the horses should be regarded as remaining at large when they, under the circumstances, were turned into the lot, and whether plaintiff was, in that respect, guilty of contributory negligence.

5. **Practice**: READING TO JURY SPECIAL INTERROGATORIES, AND DISCUSSION OF SAME BY COUNSEL. It is competent for counsel to read special interrogatories to the jury, and discuss the evidence applicable thereto; and it is no abuse of such privilege to indicate to the jury, in such discussion, how, in the judgment of counsel, the interrogatories should be answered.

*Appeal from Jasper District Court.*

TUESDAY, JUNE 21.

ACTION to recover the value of certain horses killed or injured by a train on the defendant's road because of an insufficient cattle-guard. The defendant pleaded a general denial, and contributory negligence on the part of the plaintiff. Trial by jury. Judgment for the plaintiff, and defendant appeals.

*T. S. Wright* and *Winslow & Varnum*, for appellant.

*Alanson Clark*, for appellee.

SEEVERS, J.— The defendant's railway was fenced, but the theory of the plaintiff is that the horses got on the railway because a cattle-guard at a highway crossing was insufficient.

I.   In stating the issues to the jury, the court failed to state that the defendant had pleaded that the plaintiff was guilty of contributory negligence in permitting his stock to roam at large. It is conceded that the herd law was in force, and the defendant insists that the plaintiff did not restrain his stock as required by that law. The point is well taken as to the statement of the issues, except that, in the eighth instruction

1. INSTRUC-TIONS: stating issues to jury: whole charge considered.

given the jury, the court, it must be assumed for the purposes of the question under consideration, correctly stated the law as to the duty of the plaintiff in relation to restraining his stock. It is not required that the issues should all be stated in a single paragraph of the charge. It is sufficient if they are fairly and sufficiently stated to the jury, in some part of the charge, in such a manner as to be understood by the jury, and this we think was done. The eighth instruction requires the jury to determine whether plaintiff did restrain his stock as required by law; and the plaintiff's duty in this respect, it must be assumed, was correctly stated.

II. The defendant asked the court to instruct the jury as follows: "You are not at liberty, as jurors, to take the fact that the stock mentioned in the plaintiff's petition passed over the cattle-guard in question by stepping between or upon the cross-ties of the cattle-guard, if such you find was the case, and the further fact, if this you also find, that cattle-guards somewhat differently constructed were also in use, and from that draw the inference that the cattle-guard was either defectively constructed or insufficient." That the court modified by adding: "That is, you cannot draw such inference from such facts alone, if established; but such facts, if established, are proper for you to consider in connection with the other evidence in the case relating to the character or insufficiency of the cattle-guard." We understand counsel for the appellant to insist that there was no other evidence "relating to the character or sufficiency of the cattle-guard" than is referred to in the instruction as asked, and therefore the court erred in modifying it. In this we think counsel are mistaken. A model of the cattle-guard was before the jury, and also evidence showing the depth of the pit under the timbers of which it was composed, and there was evidence tending to show the size, length, description and the manner in which such timbers were placed. It therefore, we think, was for the jury to say, taking into consideration all

<div style="margin-left:2em">2. RAILROADS: sufficiency of cattle-guards: injury to stock: facts for jury.</div>

the foregoing facts and circumstances, whether or not the cattle-guard was reasonably sufficient for the purposes for which it was constructed. This case is distinguishable from *Case v. Chicago, R. I. & P. R'y Co.*, 64 Iowa, 762, in which the holding is that an accident does not raise a presumption of negligence.

III. Special interrogatories were submitted to the jury, and it is said that the court erred in receiving the answer to one of them, because it was indefinite, uncertain and in the nature of a conclusion. This objection seems to be raised for the first time in this court, and therefore is made too late. If the answer to the interrogatory was deemed insufficient, it should have been objected to at the time, so that the court could have required the jury to make their answer more definite and certain.

*3. PRACTICE on appeal: objection too late.*

IV. The horses were killed or injured during the night of the 21st of May. During the day the plaintiff had been using them in plowing, and about seven o'clock in the evening took the horses home, and without watering or feeding, turned them into a lot where there was some grass. The lot was fenced, but a place was left for a gate or bars. Across this opening the plaintiff placed a pole about four feet from the ground, and it was probably pushed down by the horses, and they escaped to the highway. At least the pole was on the ground when the plaintiff went to look for his horses about half an hour after he placed them there. Counsel for the defendant insist that, as a matter of law, the plaintiff was guilty of contributory negligence, and that the court should have so instructed the jury. In *Krebs v. Minneapolis & St. L. R'y Co.*, 64 Iowa, 670, it appeared that the herd law was in force, and that the defendant had the right, but failed, to fence, and it was held that it was liable in the absence of a showing that a willful act of the plaintiff had caused or contributed to the killing of the stock. In

*4. RAILROADS: injury to stock: contributory negligence: horses at large: question for jury.*

*McKinley v. Chicago, R. I. & P. R'y Co.*, 47 Iowa, 79, it was said: "The law will regard insufficient fastening as no fastening; and a fence with a gateway, but without a gate, as no fence."

This action was not brought under section 1289, but under 1288, of the Code, which provides that railway corporations must construct, at all highway crossings, a sufficient cattle-guard; and it is insisted that the plaintiff is guilty of contributory negligence, because he placed his horses in a lot which was not inclosed with a lawful fence, or was not sufficiently inclosed; and we are asked to so hold. In considering this question, it may be conceded, for the purposes of this opinion, that such would have been the rule if the plaintiff had turned his horses into such inclosure in the morning, and permitted them to remain there until night. We can readily conceive it to be a usual occurrence for a farmer, when he quits work in the evening, to turn the horses he has been working with during the day into a barn-lot or other inclosure, for a short time before feeding them, for some good and sufficient reason. In this case, the plaintiff desired to get his own supper before feeding his horses. We are not prepared to hold that before doing so he must see that the lot is inclosed with a lawful fence. The plaintiff intended the horses to remain in the lot for a brief period of time, or while he ate his supper; and, while anything less than a lawful fence may be regarded as no fence, we think it was for the jury to say whether the plaintiff was guilty of contributory negligence. Under the herd law, stock is prohibited from remaining at large during certain hours of the day; but we think it was for the jury to say whether the plaintiff's horses should be regarded as remaining at large when they, under the circumstance, were turned into the lot. It follows from what we have said that the eighth paragraph of the charge is correct.

V. Against the objection of the defendant, counsel for

the plaintiff was permitted to read the special interrogatories to the jury, "and to indicate to said jury what

**5. PRACTICE:** reading to jury special interrogatories, and discussion of same by counsel.

answer, in his judgment, should be made to each of said questions specifically; that, at this time, plaintiff's counsel said he would only comment on them from the evidence, and stated what he claimed the evidence showed; that in said statement the said attorney told the jury that they, under the evidence, should, in his judgment of the evidence, answer," the question in the manner and form as indicated by said attorney. That it is competent for an attorney to read special interrogatories to the jury, and discuss the evidence applicable thereto, must be conceded; and it seems to us that the court ought not, without good reasons, interfere with such right. It is difficult to see how an attorney can properly discuss the evidence bearing upon any question the jury is required to answer without indicating quite plainly how, in his judgment, the question should be answered. Under the showing made as to what the attorney did, we are not prepared to say that the court erred in any respect in refusing to sustain the objection of counsel for appellant.

We do not think the verdict is against the evidence, and therefore the judgment is

AFFIRMED.