MEREDITH V. KUNZE *et al.*

Mechanic's Lien: IN FAVOR OF MORTGAGEE OF MATERIALS USED: INVALID MORTGAGE. Mrs. K. owned a lot on which she erected a brick building. June 7, Mrs. K. and her husband were indebted to the defendant H., and on that day K., who was a manufacturer of brick, made to H. a chattel mortgage on two hundred thousand brick to secure the indebtedness. The brick were described as being at the kiln of K. on certain lots, but no brick were set apart, pointed out or designated as those covered by the mortgage, and K. did not then have the required number of brick on hand, but made and sold brick as if the mortgage had not been made. Afterwards an agreement was made between K. and his wife and H., that eighty thousand of the mortgaged brick should be used in the building, and that H. should have a mechanic's lien therefor, and K. furnished that number of brick for the building between May 1, and July 4, of the year when the mortgage was made, but was unable to state whether the brick furnished were made before or after the mortgage. For these brick H. claims that he is entitled to a mechanic's lien. *Held* that, whatever rights H. might have by virtue of these facts as against K. and his wife, the mortgage was a nullity as to other lien-holders; and, as between them and H., the law regards the brick, when they were laid in the walls, as the property of K.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, JUNE 4, 1889.

THIS action involves the rights of the plaintiffs and the defendants, Amelia Lewis, the Chicago Lumber Company and John N. Hohberger, as lien-holders upon certain real estate, the title to which is in the defendant Johanna Kunze. The said Amelia Lewis is the owner of a mortgage upon the premises. The other parties set up and allege that they have valid mechanic's liens for materials furnished for the erection of a brick block of buildings upon the lots. There were pleadings filed by the respective parties, in which each of them asserted his lien. The cause was tried upon its merits, and a decree was entered in which all of the claims of the

defendant Hohberger, excepting the sum of $10.26, were held not to be a lien upon the lot and building. He, being dissatisfied with the decree of the court in this respect, as well as in that part of the decree which established a lien in favor of the Chicago Lumber Company, appeals to this court.

 *Chamberlain & Stewart*, for appellant.

 *Guthrie & Maley*, *John M. Henn*, *Philips & Harvison*, and *Wishard & Bailey*, for appellees.

ROTHROCK, J.—I. The defendant Amelia Lewis holds a mortgage on the premises for thirteen hundred dollars and interest, which was for money loaned to Johanna Kunze and her husband, August Kunze, and which money was mostly paid out in payment for materials used in the erection of the building upon the lot. Her mortgage was established as the fourth lien in point of priority. She does not complain of the decree; and, as the appellant makes no question as to the validity of the mortgage, that part of the decree demands no attention. The mechanic's lien of J. P. Meridith was established as the second lien. Appellant makes no objection to this part of the decree. The appellant's lien, so far as it was established, was decreed to be prior to all the others. The lien of the Chicago Lumber Company was designated by the decree as third in point of seniority. Appellant complains of the amount allowed to the lumber company as a lien. This point in the case may be disposed of very briefly. The Chicago Lumber Company sold lumber to said Johanna Kunze and August Kunze, in quite a large amount. It is claimed by appellant that much of the lumber for which the lien was allowed was used for purposes other than the erection of the building in question. A careful examination of the record has led us to the conclusion that the evidence shows that the decree of the court is correct in this respect. We need not set out nor discuss the evidence.

 II. The only real question in the case is whether the appellant should have been allowed a lien for some

five hundred dollars instead of about ten dollars, and the claim arises upon an item of eighty thousand brick which appellant alleges he furnished for the building, and for which he insists he should have a lien. This item arose as follows: The defendant August Kunze was a manufacturer of brick. He and his wife, Johanna Kunze, appear to have been united in interest in the lot, and in the erection of the building. They also, at about the same time, built other houses. On June 7, 1886, they were indebted to appellant in the sum of two hundred dollars, and on that day appellant loaned them two hundred dollars, and they thus became indebted to him in the sum of four hundred dollars. August Kunze at that time made and delivered to the appellant a chattel mortgage upon two hundred thousand brick, to secure the payment of said indebtedness. The brick were described as being at the kiln of August Kunze, located on certain lots (describing them). No brick were set apart, pointed out, or designated as those upon which the mortgage was made. And we think the evidence fairly shows that Kunze did not then have to exceed one hundred thousand brick on hand. The fact is undisputed that he (Kunze) was engaged in the manufacture of brick for sale. It is claimed by appellant that an agreement was afterwards made by which August Kunze and Johanna Kunze took and used eighty thousand of the mortgaged brick in the erection of the building, and that appellant was to have a mechanic's lien therefor. And appellant insists that by this agreement he furnished eighty thousand brick, which were used in the construction of the building. The question to be determined is, ought this lien to be established to the prejudice of the mortgage lien of the defendant Amelia Lewis, and the mechanic's lien of the Chicago Lumber Company? It may be that the chattel mortgage was valid as between the parties thereto, and that, as between them, such an arrangement might be made as would authorize the appellant to assert a mechanic's lien therefor. These questions, however, we need not determine. As to the other lien-holders in

this case, the mortgage never had any validity. As conclusively showing that no rights could be acquired thereunder in the way of a mechanic's lien against third parties without notice of an agreement for a lien on the building, it is only necessary to set out part of the evidence of August Kunze, which ·is as follows: "The brick that went into the building were made between the first of May and the fourth of July, 1886. During this time I was making and selling brick continually. For this reason, I can't tell whether they were made before the mortgage was given, or not. I sold brick to Mr. Read and others after the mortgage was given. I could not remember to whom, for I sold to forty or fifty persons. Neither do I remember the quantities. Mr. Read got about forty thousand. I could not tell more definite without reference to my books, which are in Des Moines. Some of the brick were made when I gave the mortgage, on June 7. I can't say how many. I made only one kind of brick. At the time the building was put on the ground my wife, Johanna Kunze,. held a bond for a deed for it. Since then she has received her deed, and the title is now in her." It will be seen that this chattel mortgage was a mere float. It attached to nothing, as against third parties.

III. It is claimed, however, that appellant· was the owner of the brick, and that he is entitled to a lien in equity, independent of the mechanic's lien statute. If we were to concede that the chattel mortgage was valid, we do not think that the claim of appellant for a lien could be sustained. But it is not necessary to determine that question. As to the mortgage of Amelia Lewis and the mechanic's lien of the Chicago Lumber Company, appellant can claim nothing under the chattel mortgage. Their rights are the same as though no mortgage had been made; and, as between them and appellant, the law regards the brick when they were laid in the walls as the property of August Kunze.

The decision of the district court will be

AFFIRMED.