W. F. JOHNSON, Appellant, v. J. W. RIDER, Appellee.

1. **Chattel Mortgage:** DESCRIPTION: VALIDITY. A mortgage by a lessee of farm lands upon his "undivided two-thirds interest in any and all crops grown or to be grown" during a year named, and upon certain lands described, is not void for the uncertainty of the description.

2. **Practice:** INSTRUCTIONS AS TO VERDICT: MISCONDUCT OF JURY. Where in an action upon a promissory note the jury were instructed to find for the plaintiff for the amount of the note and interest, and the jury in disobedience to such charge returned a verdict for a less sum, *held,* that the court properly gave verbal directions to the jury to compute the amount due on the note according to the charge given.

3. ———: ———: MOTIONS. Where it is competent for the court on its own motion to give direction to the jury as to its verdict, it is not cause for complaint that such direction was given on the motion of one of the parties without the statement of any grounds therefor.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

TUESDAY, OCTOBER 27, 1891.

ACTION to recover the amount due on a promissory note. A trial by jury resulted in a verdict and judgment in favor of the plaintiff. The defendant appeals. *Affirmed.*

*W. H. Stivers,* for appellant.

*C. B. Bradshaw,* for appellee.

ROBINSON, J.—The petition was filed on the thirtieth day of March, 1882, and demands judgment against the defendant for the sum of one hundred and ten dollars, with interest and attorney's fees, on a promissory note made to him, dated February 20, 1878, for seventy-one dollars, with interest thereon at ten per cent. per annum, payable annually. The answer denies that the note is unpaid, and alleges that

in April, 1878, one Hicks was indebted to the defend-
ant in the sum of seventy-three dollars, and was also
indebted to the plaintiff; that at that time it was agreed
between the defendant and Hicks that the latter should
make to the former a promissory note for said sum,
and secure it by a chattel mortgage; that afterwards,
and before the note and mortgage were given, it was
verbally agreed by Hicks, the plaintiff, and the defend-
ant that the indebtedness of Hicks to the plaintiff and
the defendant should be evidenced by promissory notes
made payable to the plaintiff, and secured by a chattel
mortgage on property of Hicks, executed to the plain-
tiff, and that out of the proceeds of the mortgaged
property the amount due should be first paid; that
notes were given to the plaintiff as provided by said
agreement, and a mortgage to him to secure their
payment was executed on a part of the crops to be
grown on land which is specified.   The answer further
alleges that the plaintiff has received upon the notes
and mortgage the sum of one hundred dollars, and
more than the indebtedness of Hicks to the defendant,
and that the plaintiff refuses to pay to the defendant
the sum due him from Hicks.   In an amendment
to the answer it is further alleged that in August, 1878,
the defendant stored in the name of the plaintiff a
quantity of wheat, of the value of sixty-two dollars,
which amount was received by the plaintiff, and that
when the note in suit became due the plaintiff was
indebted to the defendant for the amount so received,
no part of which has been paid.   The plaintiff admits
having received the proceeds of the mortgaged property,
but alleges that they were properly used in paying
indebtedness in which the defendant was not interested,
and denies having received anything on account of
grain stored as alleged.

When the evidence had been fully submitted, the
court charged the jury to return a verdict in favor of
the plaintiff for the amount of the note, and refused to

give certain instructions asked by the defendant. The
jury retired to deliberate, and after a time returned a
verdict in favor of the plaintiff for the sum of twenty-
two dollars and eighty-five cents. The verdict was
delivered to the court, and read by it, and, thereupon,
it verbally directed the jury that the verdict was not in
accordance with the charge given them, and that they
must compute the amount due on the note according
to the charge. The jury again retired, and on the
same day returned a verdict in favor of the plaintiff for
the sum of one hundred and ninety-two dollars and
thirty-two cents. The defendant filed a motion for a
new trial, based on several grounds, one of which was
that the verdict was excessive. Pending the motion,
the plaintiff remitted all of the verdict in excess of one
hundred and eighty-four dollars and ninety cents.
The motion was overruled, and judgment was rendered
for the amount last stated, with attorney's fees and
costs.

I. The appellant seems to have abandoned all
claims made in his answer excepting that set up in the
amendment. It appears that in the year
1878 Hicks carried on a farm owned by
the plaintiff under a verbal lease, by virtue
of which Hicks was to deliver to the plaintiff as rent
one third of the crop grown on the premises. In
April, 1878, Hicks was owing the plaintiff a sum of
money, and, to secure its payment, executed a mort-
gage to him, in which the property to be included
therein was described by the mortgagor as follows:
"All of my undivided two-thirds interest in any and all
crops grown or to be grown during the year 1878 in
and upon the north half of the southwest quarter of
section five, in township eighty-four north, of range
fifteen west, in Tama county, Iowa; said farm being
known as the 'Burke farm.' Said crops grown as
aforesaid are to be wheat, oats and other farm
products." The farm described was the one owned by

the plaintiff, as already stated. The mortgage was duly recorded on the day it was given. Of the crops raised on the leased premises three loads of wheat were delivered by Hicks to the defendant, and hauled to an elevator in Toledo, where they were stored in the name of the plaintiff, and he received their value.

It is the theory of the plaintiff that he was entitled to the wheat by virtue of his mortgage, while the defendant insists that the mortgage gave to the plaintiff no right to the wheat, for the reason that the description of property contained in the mortgage was void for uncertainty. It will be noticed that the mortgage does not attempt to create a lien upon a separate part of a quantity of grain described; and, therefore, cases like that of *Meredith v. Kunze,* 78 Iowa, 111, are not in point. The description is of all the mortgagor's "undivided two-thirds interest" in the crops described. The property mortgaged was a specified and undivided part of an entirety, which was accurately and fully described. Until the property was divided, the interest mortgaged was a part of the whole; but, when the division was effected, the interest conveyed by the mortgage was separated and definitely fixed. The description given was as specific as it was practicable to make it when the mortgage was given, and was so certain that there could have been no doubt as to the precise interest which the mortgage was intended to create. There was uncertainty, necessarily, as to the grains of wheat which might eventually be set apart as the property of the mortgagor, but no more than there would have been had the mortgaged property been described as his entire interest in the crops specified. We conclude that the description in the mortgage was sufficient. See Jones on Chattel Mortgages, sec. 59; *Potts v. Newell,* 22 Minn. 562; *Zehner v. Aultman,* 74 Ind. 24.

II. It is contended that the court erred in requiring the jury, by verbal direction, to retire a

second time and consider their verdict.
The charge given to the jury, when the
case was first submitted to them, was as
follows: "You will find a verdict for
plaintiff for the amount due on the note of plaintiff in
suit, being for seventy-one dollars, dated February 20,
1878, and drawing ten per cent. interest per annum on
each year's interest from the time it became due and
payable." In returning the first verdict the jury were
guilty of a gross violation of the charge. What the
court said in regard to a second verdict was not an
instruction, within the meaning of the statute, but a
mere direction to return a verdict in accordance with
the charge which had been given them, and prejudicial
error could not have resulted from it. *Milne v. Walker*,
59 Iowa, 186; *Allen v. Wheeler*, 54 Iowa, 630; *Stone
v. Chicago & N. W. Ry. Co.*, 47 Iowa, 90.

*2. PRACTICE: instructions as to verdict: misconduct of jury.*

III. The charge of the court requiring the jury to
return a verdict for the amount due on the note was
given on motion of the plaintiff. The
appellant criticises the motion for the
reason that no ground thereof is alleged. It was com-
petent for the court to direct a verdict on its own
motion; therefore, it could disregard the omission of
the plaintiff and direct a verdict, as was done.

*3. ——: ——: motions.*

IV. Some question is made as to the amount of
the judgment, and it is said it is greater than that
demanded in the petition. The relief granted was
consistent with the case made by the petition, was
embraced within the issues presented by the pleadings,
and was shown by the evidence to be due the plaintiff.
We do not think the judgment should be disturbed on
the ground that it is excessive.   AFFIRMED.