STACY, ADAMS & CO. v. GEORGE W. COOK.

No. 11,623.    (61 Pac. 399.)

1. SET-OFF—*Right May be Waived.* The right of set-off existing between parties owing each other may, upon valuable consideration, be waived. An agreement by one of such parties having the larger claim to pay to the other having the smaller demand the amount thereof in cash, upon the latter securing by mortgage the amount of his indebtedness to the former, which mortgage was given, is founded upon a sufficient consideration and is valid.

2. PRACTICE—*Argument on Special Questions.* In a case tried by jury particular questions of fact were allowed and settled before argument. The court permitted a general discussion of the facts bearing upon the questions submitted, but refused to allow counsel in his argument to call the attention of the jury to each question, or to suggest or advise them what answers should be made thereto from the evidence heard. *Held,* error.

Error from Reno district court; MATTHEW P. SIMPSON, judge. Opinion filed June 9, 1900. Reversed.

STATEMENT.

IN August, 1894, George W. Cook and his son Herbert Y. Cook, doing business under the name of Cook & Son, were indebted to Stacy, Adams & Co. in a sum exceeding $12,000, and to W. H. Stacy for the sum of $1000 for money borrowed, evidenced by a note for that amount. Cook & Son were engaged in the retail boot and shoe business at Omaha, Neb., at that time, and their indebtedness to various creditors exceeded $30,000. On the above date they executed a first mortgage to Stacy, Adams & Co. on their stock of goods for $12,480.18, and to W. H. Stacy for $1000. They also gave chattel mortgages to other creditors. Stacy, Adams & Co., with the consent of Cook & Son, immediately took possession under their mortgages. Before this George W. Cook had been in the employ of the plaintiffs in error for many years as a traveling

salesman, and at the time the chattel mortgages were given they owed him a balance for salary up to that time of $1770, over which this controversy arose.  It is claimed by Cook that, in consideration of the execution by Cook & Son of the chattel mortgages to Stacy Adams & Co., the latter agreed to pay him said salary and to waive their right to offset the amount due him from the amount Cook & Son owed the plaintiffs in error.

The following proceedings appear from the record :

"During the oral argument by defendants' counsel the attorney for defendants was proceeding to read to the jury the special questions submitted by the court at the request of the plaintiff and to argue to the jury from the evidence how, in the opinion of the attorney, the jury should find as to each special question by specific reference to the question, and what the answer under the evidence should be as to each special question asked and submitted.  Thereupon the counsel for the plaintiff objected, on the ground that it was improper to argue or state to the jury how they should find or how they should answer as to these special questions.  The court, being advised in the premises, doth sustain the objection, with the statement and qualification that counsel could argue generally all the evidence in the case bearing upon the facts covered by the special interrogatories, but could not specifically call the attention of the jury to each interrogatory and suggest to the jury and advise the jury the answers which, in his opinion, the jury should give to each interrogatory.  To which ruling the defendants and their counsel thereupon excepted.

"Defendants' counsel then asked and requested that he be permitted to argue before the jury, by special reference to each question, how they should find and answer each and every special question submitted, which application was denied, and the defendants except.

"The defendants then objected to any special find-

ings or questions upon the part of the plaintiff being submitted to the jury unless he should be permitted to argue them as above, which objection, with the above and foregoing qualifications, was by the court overruled, to which defendants excepted.   .   .   .

"Before the arguments of counsel, the defendants, Stacy, Adams & Co., request the right to argue the special findings submitted by both plaintiff and defendant to the jury, with the right to argue to the jury how each of those questions should be answered from the evidence in the case, by referring to the findings themselves, and the same right to argue these questions as the general verdict.

"By the court : The court permits counsel on both sides to argue from the evidence in the case as to its bearing upon all questions of fact involved in the case in their general argument, but refuses the request of counsel on both sides, if such request is made, to take up the interrogatories and argue them specifically and suggest to the jury what answer, in the opinion of the counsel, should be given to each interrogatory.

"By the defendants : Except to the ruling of the court.

"By the defendants : The defendants object to any special interrogatories or questions being submitted to the jury on behalf of the plaintiff, unless defendants are permitted to discuss them specifically before the jury.

"By the court : Overruled, with the qualifications expressed in the last ruling above given.

"By the defendant : Except to the ruling of the court."

Verdict and judgment were rendered against plaintiffs in error for the amount claimed and interest, from which judgment they prosecute proceedings in error to this court.

*Martin & Roberts*, for plaintiffs in error.

*O'Neill & Gilbert*, and *H. Whiteside*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: In answer to the petition, which stated a cause of action upon an account for services, the defendants below alleged, among other things, that George W. Cook was indebted to them in the sum of $5860.40 upon an account, a copy of which was attached to the answer, and was further indebted to them in the sum of $1000, evidenced by a note executed to William H. Stacy, which was indorsed by the latter to the firm of Stacy, Adams & Co., and prayed judgment against him for said amounts.   In said account Cook is credited with "salary account for 1894 up to taking stock in August, 1894, $1770."

In his reply, the plaintiff below denied generally the allegations of the cross-petition and answer, except the admission that on August 31, 1894, defendants owed the plaintiff $1770 for salary.   He further averred that Stacy, Adams & Co. agreed and promised that if he and his partner, constituting the firm of Cook & Son, would give defendants below a mortgage on their stock of goods and fixtures, Stacy, Adams & Co. would pay in cash to said Cook all of the salary then due him, and would under no circumstances claim the right to apply said sum due for salary upon the amount owing by Cook & Son to the defendants below ; that, acting on said promise and in consideration of the same, a mortgage was given.

In opening the case, counsel for plaintiff below, George W. Cook, briefly stated to the jury his claim against Stacy, Adams & Co.   Counsel for the latter then made a long and detailed presentation to the jury of the facts which the defense would show, in which he referred to the indebtedness of Cook & Son

to Stacy, Adams & Co. as an offset against the claim for salary, and said:

"Instead of being indebted to him (Cook), he is indebted to them (Stacy, Adams & Co.) in the sum of over $6000, and that at the time he says there was salary due him. There would be salary due him but for the fact that he owed this large sum; that part is not in dispute."

At the close of this statement the plaintiff below submitted the case to the jury on the pleadings and admissions of counsel and rested. Defendants below then moved for judgment on the pleadings and the admissions of counsel, which motion was overruled. The court then decided that the burden of proof was upon the defendants below. There was no error in this ruling. The amount of salary due to Cook up to August 14, 1894, was clearly admitted in the state-ment of counsel, and the inquiry thereafter was rightly confined to the question whether, by an agreement between the parties, upon sufficient consideration, Stacy, Adams & Co. had contracted to waive their right to use $1770 of the amount of their claim against Cook as an offset to the amount for which Cook was indebted to them. The testimony of George W. Cook and Herbert Y. Cook tended to establish an express agreement upon the part of Stacy, Adams & Co. that the amount of this salary would be paid at all events, in consideration of their executing a chattel mortgage on the goods in their store to the defendants.

It is contended that a promise to pay this salary is without consideration, for that it is an agreement to pay to Cook what was already due him, and being already bound to make payment of the amount, any additional agreement to do the same thing lacked con-

sideration, within the rule of *Schuler v. Myton*, 48 Kan.
282, 29 Pac. 163.   The facts, however, do not bring
this case within the rule of that decision.   Cook &
Son were bound in law and morals to pay their in-
debtedness to plaintiffs in error, but were not bound
to secure its payment by chattel mortgage or other-
wise, and the giving of such security was sufficient
consideration for an agreement upon the part of Stacy,
Adams & Co. to waive their right of offset and to pay
Cook the amount of salary then due.   (*Jaffray et al. v.
Davis et al.*, 124 N. Y. 164, 26 N. E. 351, 11 L. R. A.
710 and note ; *Gutchess v. Daniels et al.*, 49 N. Y. 605 ;
*Tagg v. Bowman*, 108 Pa. St. 273 ; *Gross v. Weary*, 90
Ill. 256.)

For the same reason special interrogatories 1 and
2, submitted by defendants below, were properly
refused by the court.   And the first and second in-
structions upon the subject of consideration requested
by them were also rightly refused.

There is but one serious question in the case.   It
relates to the refusal of the court to permit counsel for
plaintiffs in error to read to the jury the particular
questions of fact, and to argue how, in his opinion,
they should be answered.   The court held that it was
proper to argue generally all the evidence bearing
upon the facts covered by the special interrogatories,
but would not permit counsel specifically to. call the at-
tention of the jury to each question, and suggest to
or advise them what answer they should make thereto
from the evidence heard.   The particular questions
were settled before the argument, and were known to
both parties.   Under our practice such answers con-
trol the general verdict.   (Gen. Stat. 1897, ch. 95,
§ 297 ; Gen. Stat. 1899, § 4550.)  The jury are required
to answer each of the questions propounded truthfully,

in accordance with the preponderance of evidence bearing upon the interrogatory submitted, and we think counsel ought not to be restricted to a general discussion of the evidence when particular questions of fact applicable to the case have been settled and allowed for submission to the jury. It is often of great assistance to the jury for counsel to array the facts and point out their force as applied to a particular question which they are called upon to answer. The supreme court of Iowa has passed upon this question, saying:

"That it is competent for an attorney to read special interrogatories to the jury, and discuss the evidence applicable thereto, must be conceded, and it seems to us that the court ought not, without good reasons, to interfere with such right. It is difficult to see how an attorney can properly discuss the evidence bearing upon any question the jury is required to answer without indicating quite plainly how, in his judgment, the question should be answered." (*Timins v. The Chicago, Rock Island & Pacific R'y. Co.*, 72 Iowa, 94–99, 33 N. W. 381.)

As bearing upon the general right of argument, see *Douglass, Sheriff, v. Hill*, 29 Kan. 527; *Railroad Co. v. Cattle Co.* 59 Idaho, 111, 52 Pac. 71. The court below erred in restricting the scope of argument in the manner stated.

There is no merit in the contention that plaintiff below was seeking to contradict the terms of the chattel mortgage by his proof of a contract on the part of Stacy, Adams & Co. to pay the amount of his salary. There was no attempt to invalidate the mortgage, and the agreement went merely in explanation of the consideration. (*McKinster v. Babcock*, 26 N. Y. 378; *Bainbridge v. Richmond*, 17 Hun, 391.) The judgment of the court below will be reversed and a new trial granted.