J. S. K. CAMPBELL, Appellee, v. IOWA CENTRAL RAILWAY COMPANY, Appellant.

**Railroads:** PRIVATE CROSSINGS: CATTLE GUARDS. The duty of a railway company to maintain a sufficient cattle guard at a private crossing, does not mean one that cannot under any circumstances be crossed by an animal, but one reasonably adapted to the intended purpose. Evidence considered and held to warrant a submission and finding that the guard was insufficient.

**Damages:** EVIDENCE. In determining the damage sustained, the inquiry should be directed to the value of the particular animal killed, and the special value of a mare for breeding purposes may be shown.

**Double damages:** VERDICT. Where one is entitled to double damages in case of recovery, and the jury returns a verdict for actual damages, it is not error to direct the jury to retire and correct their verdict.

*Appeal from Louisa District Court.*— HON. W. S. WITH-
ROW, Judge.

TUESDAY, JUNE 7, 1904.

ACTION to recover damages caused by the killing of a
mare running at large by a train on defendant's railway.
The opinion states the facts.   There was a jury trial, and
verdict and judgment in favor of plaintiff.   Defendant
appeals.— *Affirmed.*

*Geo. W. Seevers, J. O. Malcolm,* and *Carpenter &
Weaver,* for appellant.

*Courts & Tomlinson* and *W. E. Blake,* for appellee.

BISHOP, J.— I.   Plaintiff owns a farm through which
passes the line of defendant's railway.   For many years a
private crossing over the track, protected by wing fences and
**1. PRIVATE**          cattle guards, had been maintained by the
**CROSSINGS:**
**cattle guards.** defendant company for the benefit of plaintiff.
Plaintiff's mare in question passed over the cattle guard, and
while upon the inclosed right of way was struck by a passing
train and killed.   Under the pleadings and upon the trial
the primary issue was as to the sufficiency of the cattle
guard, and this issue was submitted to the jury under in-
structions which are not the subject of criticism.   As we
understand it, the contention of appellant is that the verdict,
involving, of necessity, a finding that the guard was insuffi-
cient, was not warranted by the evidence.   We are not dis-
posed to share in this view.   The duty incumbent on the
railway company was to maintain a good and sufficient
guard.   This does not mean one that may not under any
circumstances be crossed by an animal, but, rather, one that
is reasonably adapted to the intended purpose.   Here the
guard constructed between the rails was made of slats or
rods, on which were placed a succession of rings.   When

stepped upon, the loose rings made the footing uncertain; also the movement thereof resulted in a rattling noise, calculated to produce fright. This device, it appears, is a new one, and in use by no other company. On either side of the rails there was a piece of sheet iron, set at close intervals with spikes. There was some testimony tending to prove that at the time in question such spikes, in greater or less number, had been broken off. It is not known whether plaintiff's mare passed over the guard between the rails, or at one side thereof. Whatever may be the fact as to that, it is clear that the whole situation was one proper to go to the jury. The record is such that a finding might be made that the one device was insufficient to reasonably accomplish the intended purpose, or that the other device was defective, in that it had been allowed to get out of repair. Either condition being found, would support a verdict. *Timins v. Railway,* 72 Iowa, 94; *Downing v. Railway,* 43 Iowa, 96; *Smead v. Railway,* 58 Mich. 200 (24 N. W. Rep. 761); *Railway v. Kneadle,* 94 Ind. 454.

II. Plaintiff was allowed to prove, over the objection of defendant, what was the value of the mare killed, as a brood mare, and also, as affecting such value, what was the

2. DAMAGES: evidence. character of the foals which had been produced by her. In this there was no error. One who has stock killed under the circumstances presented is not limited in his recovery to the average value of such stock in general. The inquiry in each case must be directed to the value of the particular animal, and certainly where, as in this case, the animal possessed a special value because of her breeding qualities, that may be shown. And we know of no more definite and certain way to proceed in demonstration of her value than by taking note of the number and character of the foals produced by her.

III. The claim of plaintiff was for double damages, the defendant having failed to pay in accordance with a notice and affidavit of loss served upon it as provided for

by the statute.   The record makes it appear that the jury
**8. DOUBLE**          came into court with a verdict in the sum of
**DAMAGES:**
**verdict.**          $110.   " Upon inquiry by the court, all jurors
stated that the amount of the finding was the reasonable
value of the mare killed, and was not double damages.   Not
being in accordance with the instructions of the court as to
double recovery, the jurors were permitted to retire to their
room to correct their verdict, which they did, and returned
their verdict for plaintiff in the sum of $220."   This action
of the court is presented as involving error.   We are not
disposed to so regard it.   Plaintiff was entitled to a double
recovery, if he was entitled to recover at all.   The inquiry
of the court made it clear that the jury had overlooked the
instruction having reference to double recovery, and the
effect of what was done was simply to correct the oversight,
and give plaintiff that to which, in view of the finding in
his favor, it was his undoubted right to recover.   This con-
clusion finds support in the following authorities: *Bank v.
Gifford,* 79 Iowa, 300; *Judge v. Jordan,* 81 Iowa, 519;
*Johnson v. Rider,* 84 Iowa, 50; 22 Ency. Pl. & Pr. 968, and
cases cited.

Other errors assigned need not be discussed.   We have
examined the record with respect to each thereof, and find
nothing to justify a reversal.   The judgment should be, and
is, AFFIRMED.