SOUTHERN INDIANA GAS AND ELECTRIC COMPANY *v.*
BEARD.

[No. 11,804.    Filed March 21, 1924.]

1. APPEAL.—*Record.*—*Instructions.*—*Indication    before    Argument of Those to be Given.*—*Statute.*—A written request that
the court indicate before argument the instructions to be given
may be brought into the record by a bill of exceptions under
the proviso to §663 Burns 1914, notwithstanding the provisions
of the first part of the section that pleadings and motions in
writing and orders and rulings of the court in respect thereto
shall be entered by the clerk on the minutes of the court, and,
when so entered, shall be a part of the record without a bill
of exceptions.    p. 273.

2. TRIAL.—*Instructions before Argument.*—*Indicating, Ones to
be Given.*—*Statute.*—Under the provisions of §559 Burns 1914,
it is the duty of the court, when properly and timely requested
so to do, to indicate, before the commencement of the argument, the instructions that are to be given to the jury, and it
is reversible error to refuse to do so, the statute being mandatory, but the court may thereafter give such other instructions
as the argument of counsel or other exigency may suggest,
in order that the jury may be fully instructed as to the law,
and the ends of justice be attained.    p. 273.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by Henry W. Beard against the Southern Indiana Gas and Electric Company. From a judgment
for plaintiff, the defendant appeals.    *Reversed.*

*W. D. Robinson* and *W. E. Stilwell,* for appellant.

*Charles O. Baltzell, Ernest R. Baltzell* and *John J.
Robinson,* for appellee.

NICHOLS, J.—Action by appellee to recover from appellant damages for injuries resulting from a collision
with appellee's automobile caused through the negligent
operation of one of appellant's interurban cars at a
highway crossing.

There was a trial by jury, and a verdict and judgment in favor of appellee for $300.

Overruling appellant's motion for a new trial is as-

signed as error. The motion includes as one of the reasons for a new trial the refusal of the court 1, 2. to indicate, upon written request of appellant made before the beginning of the argument to the jury, the instructions that the court would give to the jury. This action of the court is also assigned separately as error. Appellee contends that appellant's request in writing that the court give to the jury certain instructions and that it indicate before the beginning of the argument the instructions that would be given to the jury is not a part of the record for the reason that such motion is not shown by an order book entry, citing as authority §663 Burns' Supp. 1921, Acts 1915 p. 134. But that statute, after providing that pleadings and motions in writing and orders or rulings of the court in respect thereto shall be entered by the clerk on the minutes or record of the court, and when so entered shall be a part of the record without any bill of exceptions, provides: "That nothing herein shall be construed to prevent the bringing into or putting into the record by proper bill or bills of exceptions any matter, which, under the common law, would not be a part of the record without a bill of exceptions." A full discussion of the origin, nature, purpose and requisites of bill of exceptions at common law is found in Shinn's Pleading and Practice at Common Law, (Illinois) from §§1021 to 1028 both inclusive. Section 1023 states that: "It is a well established rule that a party desiring to assign error on the decision of a court on a motion or objection, must, in his bill of exceptions, not only preserve the motion or exception, but also the ruling of the court upon it and the exceptions thereto taken on the trial. The mere fact that the entries of the clerk show that an exception was taken to the ruling of the court does not make it a

part of the record. It can only be made so by a bill
of exceptions. The making of a bill of exceptions is
a judicial act." Numerous authorities are cited to sus-
tain the rule announced, among which we cite *Chicago,
etc., R. Co.* v. *Town of Calumet* (1894), 151 Ill. 512;
*Chicago, etc., R. Co.* v. *Goyette* (1890), 133 Ill. 21.
That this was the common-law practice of this state
prior to our first code, see *Wilson* v. *Coles* (1831),
2 Blackf. 402. Appellee's contention cannot prevail.

The record shows, by proper bill of exceptions, that
before the beginning of the argument to the jury, ap-
pellant requested in writing that the court give to the
jury certain instructions, and that the court indicate
before the beginning of the argument the instructions
that would be given to the jury; that the court refused
to give each and all the instructions requested by ap-
pellant, and, at that time and before the beginning of
the argument of counsel to the jury, stated orally that
the court would give to the jury on its own motion
instruction No. 2 tendered by appellant, and that the
court would give to the jury on its own motion all
other instructions tendered by appellant which had been
approved by the Supreme or Appellate Courts; but that
the court did not have its instructions prepared at that
time whereby it could indicate all instructions to be
given to the jury, and as it was then 11 a.m. and
another cause coming on for trial at 1:30 p.m. of the
same day, it refused to delay the trial of this cause
until it could indicate all of the instructions it would
give of its own motion, to which ruling of the court
in refusing to indicate before the beginning of the argu-
ment all the instructions which it would give, appel-
lant excepted; and that, after the close of the argument,
the court, of its own motion, gave fourteen written
instructions which were all of the instructions given.
This action of the court was reversible error. Section

559 Burns 1914, §534 R. S. 1881, provides, so far as here involved, that "the court may of its own motion, and shall upon application of either party, * * * before the commencement of the argument, lay before the parties any instructions properly numbered, which it will give to the jury; and thereupon the same may be read by any one as the law, while making an argument to the jury: *Provided however,* The court may give to the jury such other instructions, with those already approved, at the close of argument, as may be necessary to fully present the law to the jury and secure the ends of justice." The section is mandatory and salutary, and the intention of the legislature is plain. A reasonable construction of the proviso is that the court, having laid before counsel before argument the instructions which it then intends to give, may thereafter give such other instructions as the argument of counsel or other exigency may suggest, in order that the jury may be fully instructed as to the law, and that the ends of justice may be attained.

We do not need to consider the question of the sufficiency of the evidence. The judgment is reversed with instructions to grant a new trial.

Dausman, J., dissents.