## PHEBUS v. STEINER.

[No. 19,979. Filed April 27, 1965. Rehearing denied June 21, 1965. Transfer denied January 28, 1966.]

*Arch N. Bobbitt, Ruckelshaus, Bobbitt & O'Connor,* of Indianapolis, for appellant.

*C. G. Ball, Ball & Eggleston,* of Lafayette, and *Ryan & Hartzell,* of counsel, of Frankfort, for appellee.

PRIME, J.—Appellant filed his complaint in two paragraphs for personal injuries and property damage against the appellee alleging certain acts of negligence on the part of the appellee. The action arose out of a collision between the appellant's motorcycle and appellee's automobile on the west side of the traveled portion of State Highway No. 25, at a point just outside of the west city limits of the City of Delphi, Indiana.

Trial was had by jury, which returned a verdict for defendant-appellee, accompanied by answers to seven interrogatories tendered by the defendant-appellee and submitted by

the court. Accordingly, judgment was rendered on the general verdict in favor of the defendant-appellee on both paragraphs of the plaintiff-appellant's complaint. Appellant duly filed his motion for new trial, which was overruled, and this appeal followed.

Specification of error contained in the motion for new trial, consisted of, *inter alia*, "alleged error of law occurring at the trial" in that:

"c. The Court erred in the following respect: The defendant offered before the commencement of final arguments before the jury certain interrogatories, seven in number, to be answered by the jury in connection with their general verdict. . . . After objections the Court did not indicate to counsel whether or not the interrogatories would be submitted to the jury. Attorneys for the parties were admonished that while they could comment on instructions, the court had indicated he would submit to the jury in their final arguments, they could not mention or discuss the proposed interrogatories. Counsel on both sides gave their final arguments. After the noon recess and after final argument, the Court then indicated that the interrogatories would be submitted to the jury as requested by defendant's counsel."

In essence, the appellant is arguing, that the trial court erred in failing to indicate before the final argument to the jury, whether or not he would submit interrogatories tendered by appellee, and by ruling that counsel could not comment upon tendered interrogatories during counsel's final argument to the jury, thus depriving appellant, to his prejudice, "of his right to comment upon interrogatories and to array the evidence bearing upon them."

The chronology of events occurring at the trial germane to said interrogatories is as follows: On March 15, 1962, at 12:00 P.M., at the close of all the evidence, final instructions from both sides were tendered. At 3:00 P.M. on the same afternoon, appellee filed her written request together with tendered Interrogatories Nos. 1 to 7 for submission to the jury, to be answered in connection with its general verdict.

Appellant then "formally objects to submission of interrogatories orally upon the record," and the court deferred hearing of argument upon the submission of all or any interrogatories until 8:30 A.M., March 16, 1962. Further, the Court indicated that it would give Court's Instructions Numbered 1 to 17; Court's Instruction No. 17 indicating interrogatories were being submitted to the jury to be answered "in the event you return a general verdict." On March 16, 1962, at 8:30 A.M., the court entered the following order:

> "Come now the parties in person and by counsel and the court hears further argument of counsel upon the submission of tendered defendant's interrogatories and the court now reserves its ruling until the conclusion of the oral argument upon evidence as presented to the jury and does thereby rule against comment upon tendered interrogatories during counsel's argument to the jury."

Counsel on both sides gave their final arguments to the jury. It appears that at this point there was a noon recess, after which the court returned and indicated that the interrogatories would be submitted to the jury as requested by defendant-appellee's counsel. As was noted earlier, the interrogatories were seven in number, no one of which contained more than a single sentence. They requested simply a "yes" or "no" answer. It appears that the court had these interrogatories in his possession for almost a complete day, or twenty-four hour period, before ruling on their submission to the jury. It further appears that on the morning of March 16, 1962, when the court ruled against comment during final argument, the interrogatories had been in his possession since 3:00 P.M. of the prior afternoon.

Appellee argues at the outset that because of the failure of the appellant to make timely and proper objection to the action of the trial court in this matter, no question was saved for appeal. We deem the argument of appellee to be untenable for the following reasons:

The error here urged was *a ruling by the court* adverse to

the appellant, on a question of law. Prior to the adoption of Supreme Court Rule 1-5, the proper procedure for appellant would have been to *except* to the court's ruling. Rule 1-5 of the Supreme Court of Indiana, 1964 Edition, provides as follows:

> "The record need not show exceptions to adverse actions, orders or rulings of the court in order to present alleged errors with respect thereto, for the purposes of a motion for a new trial or on appeal. This rule is not intended to affect in any manner the present practice in regard to objections.
>
> "Where, on the examination of a witness, an offer to prove is made, the same may be made either before or after the ruling of the trial court on the objection to the question propounded." (Adopted April 14, 1940. Effective September 2, 1940. Amended and effective November 30, 1949.)

Since Rule 1-5, *Supra,* was in full force and effect at the time the trial court made its ruling, the procedure in order to save the error for the purpose of a new trial or on appeal was governed by the provisions of the rule. Appellant was, therefore, not required to enter his exception at the time the ruling was made, but could present the error in his motion for a new trial, which he did. Therefore, we hold that the error was saved for appeal.

The precise question presented for review is whether or not the trial court committed reversible error, by its ruling and specific order, denying appellant's counsel a right under the circumstances here present, to read the interrogatories to the jury and array the evidence thereto. This question appears to be one of first impression in this State.

The law is well settled in Indiana that where special interrogatories are submitted to the jury, it is proper for counsel to read and comment on them to the jury, and to array the evidence necessary to be considered in answering them. *Gresley* v. *The State, ex rel. Neireiter* (1890), 123 Ind. 72, 24 N. E. 332; *Clear Creek Stone Co.* v. *Carmichael* (1906), 37 Ind. App. 413, 73 N. E. 935; *Pittsburg, etc. R.*

*Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033; *Vanosdol, Receiver* v. *Henderson, Admr.* (1939), 216 Ind. 240, 22 N. E. 2d 812. It should be noted that in the above cited cases error was predicated upon the fact that the trial court had allowed counsel to read the interrogatories to the jury and to array the evidence having a bearing upon them. In the case at bar counsel was prohibited by order of court from reading and commenting upon the tendered interrogatories.

In *Chestnut* v. *Southern Indiana R. Co.* (1901), 157 Ind. 509, 62 N. E. 32, our Supreme Court held that error could not be predicated upon the action of the trial court in refusing to permit counsel to read to the jury interrogatories submitted, under Acts 1897, ch. 85, § 1, p. 128, being § 2-2022, Burns' 1946 Replacement, *where it appeared that the appellant had been accorded the opportunity of arguing from memory in respect to the interrogatories and to fully argue all the evidence bearing upon them.* In the case at bar counsel was not even afforded this opportunity, but, on the contrary, was barred by specific order of court from making any comment upon tendered interrogatories.

The Acts of 1881 (Spec. Sess.), ch. 38, § 337, p. 240, § 2-2011, Burns' 1946 Replacement, require the court, where written instructions have been properly tendered by either party before the commencement of the argument to the jury, to indicate before the argument which instructions will be given to the jury. The purpose of this provision is to give counsel an opportunity to examine the tendered instructions, file objections thereto, and to properly argue them to the jury. In the case of *Southern Ind. Gas, etc., Co.* v. *Beard* (1924), 81 Ind. App. 272, 143 N. E. 173, this court held that where counsel had made a proper and timely request before the commencement of the argument, it was reversible error for the court to refuse to indicate before argument the instructions that would be given by the court.

Appellee argues that *Southern Ind. Gas, etc., Co.* v. *Beard, supra,* is not an "interrogatory case" as it deals with instruc-

tions to the jury, which by reason of the terms of the particular statute applicable (§ 2-2011, *supra*), requires the court to indicate the instructions to be given in advance of final argument to the jury. Appellee further contends there is no such requirement in the statute (§ 2-2022, *supra*) pertaining to submission of interrogatories to the jury. To this extent we cannot disagree with the appellee. Finally, appellee argues that it has been held by this court and our Supreme Court, that it is not an abuse of discretion by the trial court to receive and submit interrogatories tendered even while argument is in progress, citing the cases of *Sherfey, Administrator,* v. *The Evansville & Terre Haute Railroad Co.* (1890), 121 Ind. 427, 23 N. E. 273, and *Bachman* v. *Cooper* (1898), 20 Ind. App. 173, 50 N. E. 394. We are of the opinion that these cases are clearly distinguishable from the case at bar. In neither of these cases was counsel *denied an opportunity to read and comment upon the interrogatories to the jury.* These cases dealt with the *submission* of interrogatories to the jury. The factual situation concerning the action of the trial court in the case at bar is materially different from either of the cases cited by appellee.

Where, as in this case, counsel has tendered written interrogatories before commencement of final argument, counsel should be afforded the opportunity to discuss and comment upon the evidence relating to them in his argument to the jury, and this right would be denied unless the court had indicated before argument what interrogatories would be submitted to the jury. It is axiomatic that counsel cannot read or comment upon interrogatories if he does not know before argument *what ones, if any, will be submitted.*

It goes without saying that the final instructions to the jury can, and very often do, have a vital effect upon their verdict. The right of counsel to properly comment upon them, if he so desires, is preserved by the statute. § 2-2011, *supra.* Likewise, the special interrogatories can have a vital effect upon the verdict of the jury. It is the

law in this State that where the answers to the interrogatories are inconsistent with the general verdict, and this inconsistency is irreconcilable, the *interrogatories shall control.* Acts 1881 (Spec. Sess.), ch. 38, § 390, p. 240, § 2-2023, Burns', 1946 Replacement, and the numerous cases cited therein. If counsel is afforded the opportunity to properly argue instructions to the jury, *a fortiori*, the same opportunity should be available with respect to interrogatories, notwithstanding the absence of a specific statutory provision granting the same. In view of what we have stated above, we are of the opinion that the holding of *Southern Ind. Gas, etc., Co., v. Beard, supra,* should be applied with like force and effect to the case at bar. The trial court should not be permitted to deny counsel the opportunity to comment upon the evidence relating to proposed interrogatories that have been tendered prior to the commencement of final argument, by delaying his decision on the submission of those interrogatories until after the argument has concluded.

In *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 622, 72 N. E. 589, our Supreme Court in recognizing the importance of special interrogatories stated:

"Considering the purpose that answers to interrogatories propounded to the jury are designed to subserve, it is proper in considering them in argument to discuss not only the evidence in its application to the interrogatories, but even to go further, and impress upon the minds of the jurors that, as the verdict and the answers will be considered together, great care should be exercised in the framing of their answers, to the end that the jurors shall fully apprehend the import of each interrogatory, and that their answers shall be in accord with the evidence."

The Supreme Court of New Mexico in considering the importance of argument on special interrogatories said in *Vigil* v. *Atchison, T. & S. F. Ry. Co.* (1923), 28 N. M. 581, 215 P. 971, 974, as follows:

"When special interrogatories are submitted, counsel should not be restricted to an argument dealing exclusively in generalities; but they should, under such circumstances, be permitted to refer to the special interrogatories, discuss the evidence, and marshall the facts which bear upon each of them, . . . This character of argument might materially assist the jurors in understanding the scope of such interrogatories, and the salient points in the evidence which bear upon them, and which should guide them in making up their answers thereto."

In *Crowl* v. *West Coast Steel Co. et al.* (1920), 109 Wash. 426, 186, p. 866, 869, the Supreme Court of Washington stated:

"We have no doubt that plaintiff's attorney had the right to argue these interrogatories to the jury, and, *if the court had refused such permission, it would probably have been error.* Snider v. Washington Water Power Co., 66 Wash. 598, 120 Pac. 88; Pittsburg, etc. v. Lightheiser, 168 Ind. 438, 78 N. E. 1033; Laffery v. Gypsum Co., 92 Kan. 475, 141 Pac. 241; Stacy v. Cook, 62 Kan. 50, 61 Pac. 399." (Our emphasis)

In *Timins* v. *Chicago, R. I. & P. Ry. Co.* (1887), 72 Iowa 94, 33 N. W. 379, 381, the Supreme Court of Iowa said:

"That it is competent for an attorney to read special interrogatories to the jury, and discuss the evidence applicable thereto, must be conceded; *and it seems to us that the court ought not, without good reasons, to interfere with such right.*" (Our emphasis)

We are not unmindful that a trial court has wide discretion in determining which interrogatories to give and at what time they shall be submitted. We, however, feel in the instant case this discretion was abused. A law suit, although an adversary proceeding, is primarily a search for the truth. To specifically refuse both sides the opportunity to comment on the interrogatories—considering the profound effect they may have on the jury—was, in our opinion, injecting into the trial an unnecessary element of surprise and conjecture. This is not a case of last minute

submission of interrogatories to the court. There was ample time for the court to indicate its intent, hear objections thereto, and allow both sides the opportunity to comment on the evidence regarding the interrogatories to be submitted, thus aiding the jury in their difficult task of finding the truth.

We conclude the action of the trial court in refusing to indicate, before argument, what interrogatories tendered by appellee he intended to submit to the jury, and his ruling prohibiting comment by counsel upon any of the interrogatories during final argument, was, under the circumstances of the present case, reversible error.

Judgment is therefore reversed with instructions to sustain appellant's motion for new trial.

Faulconer, C. J., Carson and Martin, JJ., concur.

NOTE.—Reported in 206 N. E. 2d 390.