The Pennsylvania Company v. Frund.

Filed April 27, 1892.

———◆———

No. 477.

THE PENNSYLVANIA COMPANY v. FRUND.

RAILROAD. —*Maintenance of Highway Crossing.*—Where a railroad company crosses a street or highway with its track, the company must maintain the street or highway in a reasonably safe condition for the use of the public.

WITNESSES.—*Physician as an Expert.—Injury to Person.*—It is competent to ask a medical witness his opinion as to the probable cause of an injury to a person, or its probable results.

The Pennsylvania Company *v.* Frund.

PRACTICE.—*Improper Question Resulting in no Injury to Person Complaining.*— An improper question, as one calling for a conclusion, which does not mislead the jury, is not such an error as renders a new trial necessary.

SAME.—*Condition of Railroad Crossing at Time of Injury and Trial.—Question why no Change was Made, Improper.*—Where the suit is to recover damages for an injury occasioned by a defective railroad crossing, it is competent to prove that the condition of the crossing is the same at the time of the trial as at the time of the injury, but it is not competent to prove why no change was made in its condition.

From the Knox Circuit Court.

*W. C. Johnson* and *S. O. Pickens*, for appellant.

*W. A. Cullop* and *C. B. Kessinger*, for appellee.

ROBINSON, C. J.—The appellee, a girl thirteen years old when this cause was commenced in the circuit court, and who was allowed by the court, on a proper application, to prosecute this action as a poor person, sued the appellant for personal injuries sustained by her while on her way to school, caused by the negligence of the appellant in not maintaining a proper crossing at the intersection of two streets in the city of Vincennes, and that while crossing appellant's railroad track, on Main street, in said city, she was injured, as alleged in the complaint, and sought to recover damages in this action for the alleged injury sustained.

The appellant demurred to the complaint, which was overruled, and exception saved.

The answer of the appellant was general denial.

The cause was tried by a jury, with a verdict and judgment for the appellee.

There was a motion by the appellant for a new trial, which was overruled, and exception saved.

The alleged error of the court in overruling the demurrer to the complaint, and in overruling the motion for a new trial, constitutes the assignment of errors.

The argument of the counsel for the appellant is first addressed to the alleged error of the court in overruling the demurrer to the complaint.

The complaint is lengthy, and it is necessary to set out only such parts thereof as present the question assumed in argument by counsel for the appellant.

The complaint alleged that the main track and side-tracks of the appellant's road passed along and parallel with Eleventh street, in the city of Vincennes, and intersected Main street in said city at right angles; that parallel with Main street, and on the south, runs a ditch three feet wide and two and one-half feet deep, which ditch was crossed by the main track and side-track of said road; that said ditch was immediately under the portion of said track which was used by foot passengers up and down Main street, and travel over the track and side-tracks of the appellant's road; that said ditch was covered over the most part at the intersection of Main and Eleventh streets with oak plank two inches thick, but that the appellant had carelessly and negligently suffered a portion of said sidewalk, between the rails of said road, to remain open for a space of about five inches wide and three feet long between the rails of appellant's side-track, upon said sidewalk, and immediately over said ditch, and on the south side of said street; that the appellant had carelessly and negligently suffered and permitted said crossing to become out of repair and dangerous to travel thereon, and carelessly and negligently suffered and permitted said crossing to remain in said condition for a great length of time; that the appellee, who lived on the east side of said track, and while going to school, and her route lying along and over said track at the intersection of Main with Eleventh street, in said city, and while so crossing said tracks on the sidewalks thereof on Main street, where the same passes over the side-track, and at the point where appellant had carelessly and negligently permitted said ditch to remain open as aforesaid, the appellee, without fault or negligence on her part, and while exercising due care, fell into said opening between the rails of said track, one of appellee's legs passing

into said opening to her knee, causing her to fall and thereby to be greatly and permanently injured, etc.

Counsel for appellant concede in argument that where a railroad company crosses a street or highway with its tracks the law imposes a duty upon it to maintain the street or highway in a reasonably safe condition for the use of persons lawfully upon such street or highway, but assumes that the complaint does not present a case of failure on the part of the appellant to discharge its duty in that respect, for the reason that the allegations of the complaint do not show that the injury to the appellee occurred in the street at any point where it was the duty of the appellant to maintain a safe crossing. We think the complaint alleged with sufficient certainty that at the point in the street where it was alleged that the appellee received the injury complained of it was the duty of the appellant to maintain the street in a safe condition for the use of persons lawfully upon it, and that under the allegations in the complaint, by reason of the negligence of the appellant in failing to maintain said street at said point the appellee received said injury, it was not error to overrule the demurrer to the complaint.

Under the alleged error of the court in overruling the motion for a new trial appellant claims that the court erred in permitting the counsel for the appellee to propound to Dr. Bedell, a witness on behalf of the appellee, the following question : " Now, taking the injury as you found it there, and taking your experience as a physician and surgeon of eleven years' standing what would probably cause such an injury as you found the child suffering with when she came to see you ?"

And in permitting said witness to answer said question as follows : " A severe strain would be the result of an injury of that kind, that she was suffering from; it could be produced by it."

The witness was shown to be competent to testify as to the matter sought to be elicited by the answer to said ques-

tion. It is competent to ask a medical witness his opinion as to the probable cause of an injury to a person or its probable results. *Louisville, etc., R. W. Co.* v. *Lucas,* 119 Ind. 583.

The next complaint made by the appellant is that the court erred in overruling the motion to strike out certain parts of the evidence of Charles Heady, a witness on behalf of the appellee. This witness testified as to certain measurements he had made with others as to the size and dimensions of the opening at the point where appellee claimed she sustained the injury complained of; that part of the evidence of this witness which the motion proposed to strike out was as follows:

Q. " I will ask you what care you exercised in making these measurements?"

A. " Because I was called to go and measure it, therefore I was careful in measuring it."

The grounds upon which the motion was based was that the statement of the witness " that he was careful " was a conclusion. Substantially the same question was presented by the appellant's motion as to another question and answer in the testimony of the same witness. Applying the technical rule as to the care used by the witness in making the measurement, the answer was, in a sense, a conclusion, but when taken in connection with the other evidence of the witness as to the manner of making the measurements and the care used, gave the jury a full knowledge of how the measurements were made and the care used in making them, and no harm could have resulted to the appellant by the evidence of this witness which the motion proposed to strike out.

Thomas McKeever was a witness on behalf of the appellant, and counsel for appellant asked the witness this question : " I will ask you to state to the jury why it was that the plank was not disturbed, if you know?" The appellee objected to this question, which objection the court sus-

tained, and this ruling constitutes another cause assigned in the motion for a new trial that is argued by counsel for the appellant.

It was competent for the appellant to prove no change had been made at the point in the crossing of the street where the appellee claimed to have received the injury, between the time of the injury and the time of the trial, and the appellant was permitted to prove this fact, but to have the witness state why no change was made was clearly incompetent, and the objection thereto was correctly sustained.

The last contention of the appellant is that the court erred in refusing to give the jury the following instruction :

"If the plaintiff received the injury complained of as alleged it was her duty and the duty of her mother to have the injury promptly and properly treated to relieve the pain and suffering and effect a cure, and if you find from the evidence that they neglected and failed to do this, and that if such treatment had been given, the pain and suffering would have been relieved and said injury cured within eight or ten months, then you can not give the plaintiff any damages for permanent injury to her leg nor for any pain and suffering resulting from such failure to have said injury promptly and properly treated." As to whether this instruction contained a correct statement of the law it is not necessary for us to determine, as the court gave the jury an instruction in place of the one refused that was not substantially different, and fully embraced the questions contained in the instruction refused.

These are all the questions presented in argument by the appellant.   We find no error in the case for which it should be reversed.

The judgment is therefore affirmed.

Filed April 15, 1892.