## CLEAR CREEK STONE COMPANY *v.* CARMICHAEL, BY NEXT FRIEND.

[No. 4,732. Filed March 28, 1905. Rehearing denied November 28, 1905. Transfer denied March 6, 1906.]

1. PLEADING.—*Complaint.*—*Master and Servant.*—*Employers' Liability Act.*—A complaint showing that plaintiff was ordered to do certain work by defendant's foreman, to whose order plaintiff was bound to and did conform, in reference to turning a channeling machine, and that in doing such work such foreman, without waiting for plaintiff's signal to start, negligently gave an order to other workmen to turn such machine, thus catching plaintiff and crushing him before he could escape from his dangerous position, states a cause of action under §7083 Burns 1901, Acts 1893, p. 294. p. 415.

2. SAME. — *Complaint.* — *Master and Servant.*—*Negligence.*— *Knowledge.*—In an action by a servant for negligence it is not necessary to allege actual knowledge on the part of defendant's foreman who negligently gave an order, by reason of which plaintiff was injured, proof of actual or constructive knowledge being sufficient to establish negligence. pp. 417, 419.

3. MASTER AND SERVANT.—*Employers' Liability Act.*—*Conforming to Orders.*—Where a servant was employed to do certain work under the direction of a foreman, a part of which was to do certain things preparatory to turning a heavy machine, in the doing of which he was injured by reason of a negligent order of the foreman, he is considered in the doing of such things as conforming to the orders of such foreman. *Grand Rapids, etc., R. Co.* v. *Pettit*, 27 Ind. App. 120, distinguished. pp. 417, 420.

4.   TRIAL.—*Instructions.*—*Requisites.*—Instructions should briefly, plainly and concisely state the law applicable to the evidence as viewed upon the theories of plaintiff and defendant. p. 418.

5.   SAME.—*Instructions.*—*Covered by Those Given.*—Where instructions requested are substantially covered by those given, no error is committeed in refusing those requested.   p. 419.

6.   SAME.—*Interrogatories to Jury.*—*Right of Counsel to Discuss.*—Counsel have the right to discuss interrogatories submitted to the jury and to argue that certain facts inquired about are established by the evidence in a certain way.   p. 419.

From Brown Circuit Court; *W. J. Buckingham,* Judge.

Action by Frank Carmichael, by his next friend, against the Clear Creek Stone Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Duncan & Batman* and *Anderson Percifield,* for appellant.

*East & East,* for appellee.

ROBY, J.—This action was brought by Frank Carmichael, a minor, suing by his next friend Bridget Carmichael. The Consolidated Stone Company and the appellant were made defendants. During the trial appellee dismissed as to the Consolidated Stone Company, proceeding to final judgment against appellant.

The complaint was in one paragraph. The demurrer to it was overruled and issue formed by general denial. With its verdict the jury returned answers to certain interrogatories. Appellant unsuccessfully moved for judgment thereon, and appeals from a judgment in accordance with the general verdict for $2,500.

Errors assigned are based upon the overruling of the demurrer to the complaint, the motion for judgment notwithstanding the general verdict, and the motion for a new trial.

It is averred in the complaint that appellant was a corporation owning and operating a stone-quarry and certain

machinery, and having a large number of employes

1. in its service, including said Frank Carmichael, who was performing the duties of "channeler runner;" that on September 13, 1900, and prior thereto, appellant had selected, appointed and authorized George Moore as derrick boss and foreman, and had given him full authority to control and manage the work in said quarry, the manner of its performance, and to give orders to different persons employed therein; that appellant's employes were subject to the orders and directions of said Moore, and were bound to and did conform to such orders at the time of the injuries complained of; that prior to said date appellant had channeled a large quantity of stone, and in so doing had left walls several feet high in said quarry running both north and south, and east and west; that on said day it was necessary that the channeling machine on which Carmichael was employed be turned around from its position north and south so that it would run east and west on the ledge in said quarry; that said machine weighed about eight tons, and that it was lifted and turned by attaching large metal pieces called "bales" to the machine, and then putting a steam derrick in operation; that it was the duty of said Carmichael, in obedience to orders and directions of said Moore, to fasten the bales to said machine, and when so fastened, and when he had removed himself to a place of safety away from said machine, to notify said Moore by a signal given with the hand, so that Moore could then order the power man to hoist and turn said machine; that said machine was standing north and south parallel with a high stone wall, and about two feet therefrom; that a few feet from the north end thereof there was another wall running east and west, the space between it and the machine being occupied by blocks of stone, drills and barrels; that in conformity to the orders and directions of said Moore said Carmichael attached said bales to said machine, they being fastened to the boom pole of the

derrick, and thereupon, without waiting for any signal, and before Carmichael could escape from his position, said machine suddenly started upward and swung against and upon him forcing him against the wall, crushing and maiming him, and inflicting permanent and serious injury; that at the time of said injury said Moore knew, or with reasonable diligence could have known, that the giving of said order to the power man to hoist said machine while said Carmichael was in the space between said machine and the wall would render the place dangerous and unsafe to him, and that said machine would, when hoisted, likely swing towards said wall, and catch and injure him; that it was dangerous to order said machine hoisted before appellee had notified him to do so, and before he had removed to a place of safety, but that with all of such knowledge said Moore, in charge as aforesaid, and while appellee was in the line of his duty, obeying and conforming to the order and direction of said Moore, and without any signal from appellee or any one else, and before he had time to remove from his position, negligently ordered and directed the power man to hoist said machine; that the power man obeyed said order; that said machine was then and there suddenly raised and swung against him, inflicting the injuries complained of. It is further averred that Carmichael had no knowledge that said Moore would give said order; that he did not know the place where he was working was unsafe, and did not know that the same would be made unsafe, but that he relied upon the fact that it was reasonably safe and would so remain; and that he was injured by reason of the negligence set out.

The objection to the complaint is that it does not show that Carmichael went between the machine and wall in obedience to Moore's order, or that he was there performing any duty thus enjoined, or that Moore knew he was there at the time the signal to hoist was given. The averment is that the bales were attached by order of Moore. The

presence of the employe at the place where such attachment was to be made was incident to the execution of the order, and until the employe had time to leave such place he must be held to have been there in conformity to the direction given him.

It was not necessary, to make the complaint good as one based upon negligence, to allege that Moore knew of the presence of the employe at the time he gave the order to hoist. His duty was measured by the care which a reasonably prudent man under the same circumstances would or should exercise. It appears from the pleading that the injury complained of was caused by the negligence of a person in the service of the appellant corporation, to whose order the injured employe was bound to and did at the time conform. The demurrer was therefore correctly disposed of. §7083 Burns 1901, cl. 2, Acts 1893, p. 294, §1; *Indianapolis Gas Co.* v. *Shumack* (1899), 23 Ind. App. 87; *Louisville, etc., R. Co.* v. *Wagner* (1899), 153 Ind. 420; *Thacker* v. *Chicago, etc., R. Co.* (1902), 159 Ind. 82, 59 L. R. A. 792.

In support of the motions it is urged that the answers to interrogatories and the evidence alike show it to have been the duty of the person injured, as a part of his employment, to attach the bales to the machine, and that therefore he was not, in so doing, conforming to the order of Moore.

In *Grand Rapids, etc., R. Co.* v. *Pettit* (1901), 27 Ind. App. 120, a distinction is drawn between general and special orders. An extended quotation is made from *Mobile, etc., R. Co.* v. *George* (1891), 94 Ala. 199, 10 South. 145. In this case it was said: "There being no evidence that the yardmaster gave plaintiff any order or direction to uncouple the car from the engine at the time of his injury, he has failed to establish one of the essential statutory propositions."

It has not been held that the employe must be ordered to perform some task not contemplated by his original employment, in order that he come within the provisions of the second subdivision aforesaid. If a special order is given, to which it is his duty to conform, directing him to do a particular thing, and at the time of his injury he is conforming to such order, he is, in this regard, within the statute.

There is a substantial difference between the general duty to do a certain class of work and the duty of doing some portion or detail of such work at a stated time or place, or in accordance with specific directions relative thereto, to which the order of the person in charge must frequently be directed. *Indiana Mfg. Co.* v. *Buskirk* (1904), 32 Ind. App. 414. Lifting and turning the machine was the proximate cause of the injury, and directing the appellee into a dangerous situation and ordering the machine lifted and turned without exercising reasonable care to learn that he had left such position, together constituted the actionable wrong complained of. *Evansville, etc., R. Co.* v. *McKee* (1885), 99 Ind. 519, 50 Am. Rep. 102; *Louisville, etc., R. Co.* v. *Wagner, supra; Thacker* v. *Chicago, etc., R. Co., supra.*

The court refused to give a number of instructions requested by the defendant. It gave seven which were so requested. It gave fifteen at the request of the plaintiff and fifteen upon its own motion. The purpose of instructing the jury is to assist it. Instructions are given and understood as a whole, and ought to contain a connected, clear and reasonably concise statement of the issues and of the law applicable to the facts upon the hypothesis of both the plaintiff and defendant. A few plain instructions so drawn are vastly preferable to those which are intricate and involved, the meaning of which lawyers having ample time and assistance are able to comprehend with difficulty. Thornton, Juries and Instructions, §213.

The trial judge who states the law applicable in such a manner as will enable the jury to follow and understand him does his duty. The instructions given in this case are clear and correct. The substance of those refused is contained in those given, and the issue was fairly presented to the jury.

One of appellee's attorneys in the closing argument read and discussed certain interrogatories which the court had indicated he would submit to the jury, pointing out what answers ought to be returned thereto. Interrogatories are only properly submitted to the jury when they are directed to "particular questions of fact." Argument directed to questions of fact involved in the case on trial is germane and essential. No abuse of discretion by the court is shown in this case.

Judgment affirmed.

## On Petition for Rehearing.

Roby, J.—The negligence counted upon arises from the failure of Moore to use reasonable care to avoid the infliction of injury upon the employe. Having directed Carmichael to do work which required him to be between the wall and the machine, he gave, prematurely, a signal for hoisting the machine, without concerning himself as to Carmichael's safety. By the exercise of such reasonable care as he was bound to exercise, he might have known that which it is asserted that he did not know. The law therefore imputes such knowledge to him. If this were not so, one by shutting his eyes could always furnish an excuse. It is not intended to hold that negligence may exist without knowledge of the conditions which create it, but that such knowledge may be constructive as well as actual.

In *Grand Rapids, etc., R. Co.* v. *Pettit* (1901), 27 Ind. App. 120, the facts stated in the opinion were: "That no

special order was given by the conductor in relation
3.    to the particular work to be done; that the only
thing said by the conductor was: 'Let us hurry
up boys and get out of here;' that nothing said by the
conductor had anything to do with appellee's injury." In
the case at bar, it is shown that a special order was given
by Moore, and that the appellee was injured while con-
forming thereto, as he was bound to do.  To say that there
can be no liability, if the direction pertained to work for
the doing of which the servant is employed, would be to
write into the statute new terms contrary to its general
import and purpose.  The employe was injured while acting
in conformity with a special order, at a particular place and
time, doing work which was in keeping with his employ-
ment.

Appellant's counsel, in their forceful brief on this peti-
tion, assail certain instructions.  It seems to us that the
case was fairly left to the jury, and, while the instructions
are not beyond criticism, the distinctions made are not
such as would be likely to influence the result.

Petition overruled.