# EGAN v. LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY.

[No. 8,183.   Filed January 27, 1914.]

1. APPEAL.—*Theory of Case.*—*Review.*—Where appellant failed to set out in his brief a copy of the complaint, but has set out therein the instructions given at his request, and containing the substance of his complaint from which it is disclosed that the theory at the trial was that of a common-law action for negligence arising out of the relation of master and servant, he will be confined to that theory on appeal and will not be permitted to urge that the action was based on subd. 2 of §1 of the Employers' Liability Act (§8017 Burns 1908, Acts 1893 p. 294).   p. 424.

2. APPEAL.—*Briefs.*—*Ruling on Motion for Judgment on Answers to Interrogatories.*—To present error in the ruling of the trial court on a motion for judgment on the jury's answers to interrogatories, appellant's brief should contain a copy of the pleadings, or their substance.   p. 425.

3. TRIAL.—*General Verdict.*—*Scope.*—A general verdict for plaintiff finds for him upon every material issue presented by the complaint.   p. 425.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Complaint.*—*Burden of Proof.*— *General Verdict.*— *Answers to Interrogatories.*— Where the complaint in a common-law action by a servant against the master for personal injuries was grounded on defendant's failure to furnish a safe place of work, averring that defendant failed to take proper precautions to protect an embankment which caved and caused the injury, that the character of the place and the condition of the ground was such that the soil was likely to cave in, which defendant knew or could have known in the exercise of ordinary care, and that plaintiff was ignorant of the conditions and relied upon defendant exercising due care for his safety, the burden was upon plaintiff to show knowledge by defendant of the dangerous conditions long enough before the accident to have repaired same or to have warned plaintiff, so that answers to interrogatories showing that defendant had no such knowledge were sufficient to overcome the general verdict for plaintiff.   pp. 426, 427.

5. TRIAL.—*General Verdict.*—*Answers to Interrogatories.*—A general verdict is controlled by the jury's answers to interrogatories only when the latter are in irreconcilable conflict with it.   p. 427.

6. MASTER AND SERVANT.—*Injuries to Servant.*—*Railroad Construction.*—*Assumption of Risk.*—A motorman operating a car drawing a plow on an uncompleted track on which no passenger

or freight trains had been run was engaged in construction work and assumed the risk incident to such employment.   p. 427.

7.   MASTER AND SERVANT. — *Injuries to Servant.— Verdict.— Answers to Interrogatories.—* Where plaintiff averred that at the time of his injury he was performing his service under a special order of defendant's roadmaster, but did not allege that he was directed to do the work at any particular place, a general verdict for plaintiff does not include a finding that he was directed to do the work at the particular place which proved to be dangerous, so that a general verdict for plaintiff was overcome by answers to interrogatories showing that the manner of doing the work was left to plaintiff's discretion.   p. 428.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by John J. Egan against the Louisville and Southern Indiana Traction Company.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*James W. Fortune,* for appellant.
*George H. Voigt,* for appellee.

IBACH, J.—This is an action at common law for negligence arising out of the relation of master and servant.   Appellant has averred some facts which might be held to be sufficient to support a complaint drawn under subd. 2 of §1 of the Employers' Liability Act (Acts 1893 p. 294, §8017 Burns 1908), but we are not required to determine this question because the record and the briefs of both parties make it apparent that the theory upon which the cause was tried in the court below was, that the defendant did not furnish plaintiff a safe place to work, and because of this neglect of duty he was injured.

Appellant has failed to set out in his brief a copy of his complaint, but has set out the instructions which were given to the jury at his request, one of which fairly contains the substance of his complaint, and in this manner our attention has been called to it.   In the same instruction where he refers to the substance of his complaint he says "this is an action at law," and "the theory of the complaint is that the defendant failed to provide the plain-

tiff with a reasonably safe place to work; that it knew, or by the exercise of ordinary care and prudence could have known, that the place where he was employed was dangerous and would cave in and give way under his weight, and that he had no knowledge of that fact and could not ascertain that fact by the exercise of ordinary care and diligence.'' Nowhere in the complaint is any reference made to the section of the statute above mentioned, nor does it appear to have been referred to at the trial, but in appellant's brief he now claims that the action was brought under that statute. The theory adopted by appellant in the court below, particularly evidenced in the statements embodied by him in his instructions tendered, to the effect that the complaint counts on the common law liability of the master and not on the Employers' Liability Act, will be taken as controlling the theory to be considered by this court, and appellant will not here be permitted to shift that theory to some other. *Baldwin* v. *Siddons* (1910), 46 Ind. App. 313, 318, 90 N. E. 1055, 92 N. E. 349.

The issues in the case were closed by the filing of an answer in general denial. The jury returned a verdict for appellant, together with answers to a number of interrogatories. Appellant has assigned many errors, all of which have been waived by his failure to present them, except those relating to the court's action in sustaining appellee's motion for judgment in its favor on the answers to interrogatories, notwithstanding the general verdict.

2. Rule 22 of this court requires the briefs to contain a concise statement of so much of the record as fully presents every exception and error relied on. In order to present to this court error in the ruling of a trial court upon a motion for judgment upon answers to interrogatories, either the complaint or its substance must appear in the briefs. 

3. A general verdict for a plaintiff finds for him upon every material issue presented by the complaint, and in the absence of the complaint or

its substance, we cannot ascertain what was determined by the general verdict. While in the present case the complaint has not been set out in the customary manner, we feel that its substance is sufficiently shown for us to consider the errors assigned, though we do not mean to hold that in all instances briefs can be said to sufficiently set out a complaint where it only appears by means of the instructions.

The substantial charges of the complaint are that appellant was employed by appellee as a motorman running a motor car on a line of electric railway between Jeffersonville and Sellersburg, Indiana; that on the date of his injury he was arranging to attach a beam or timber to the car which he was operating in order to pull a plow and plow the ditches along the tracks; that while doing this work, as directed by appellee's roadmaster, the ground upon which he was standing, near the edge of a stone quarry, on the company's right of way, gave way and caved in beneath him, and he was thereby thrown to the bottom of the quarry, and his leg was broken; that at the time of his injury he was acting under the instruction of his superior in appellee's employment; that appellee failed to take proper precautions to support the embankment upon which he was standing, so as to prevent its giving way; that the character of this place and the condition of the ground was such that the soil was likely to cave in, which fact appellee knew or could have known by the exercise of ordinary care, and that plaintiff was ignorant of the dangerous conditions, because of which he was injured and by reason of which the place upon which he was standing gave way under him; that he relied upon the appellee exercising due care for his safety; that he was doing the work assigned to him, and while thus engaged was injured.

The general verdict necessarily found for appellant upon all the material issues involved, and the action of the trial court in sustaining appellee's motion, was error unless there

is antagonism between the answers to the interrogatories and the general verdict of such a character that it cannot be removed or reconciled by any evidence properly admissible under the issues. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235. The burden was upon appellant to prove that appellee had knowledge, actual or constructive of the dangerous condition of the bank where appellant fell, long enough before the accident occurred to have repaired it or to have given appellant timely warning of its condition and the general verdict finds that appellee did have such knowledge, but the answers to interrogatories submitted on this phase of the case show that appellee had no knowledge of the defective and dangerous condition of the perpendicular wall of the quarry, that there was no evidence of the exact time such wall became unsafe, or of when it became unsafe, and it is found in answer to interrogatory No. 33 asking the jury to state in detail in what respects the wall was dangerous and defective merely that there was a latent defect. These answers show that appellee had neither actual nor constructive knowledge of any defective condition of the place where appellant alleges he was required to work, and they therefore are equivalent to finding that appellant has failed to prove one of the material averments of his complaint. *Indianapolis Abattoir Co.* v. *Temperly* (1903), 159 Ind. 651, 64 N. E. 906; *Chicago, etc., R. Co.* v. *Wilfong* (1910), 173 Ind. 308, 90 N. E. 307, and cases cited.

As to the nature of the work which appellant was doing when injured, it is found that the part of the interurban railroad on which he was working at the time he was injured was not in a finished and completed state, that neither passenger nor freight trains were being run over it, that it was not used by trains or cars other than cars used in constructing and repairing such part of said road, and that part of the road was not completed and opened for passenger and freight train traffic until

long after the time of appellant's injury. These answers conclusively show that appellant was engaged at work on a construction car and when injured was actually engaged in construction work upon an incompleted road. In the case of *Baltimore, etc., R. Co.* v. *Welsh* (1897), 17 Ind. App. 505, 47 N. E. 182, this court said that a brakeman on a construction train engaged in the construction of a road and making the same safe for travel, knowing the road was incompleted and that no trains other than the construction train had passed over it, by the acceptance of such employment assumed all risks incident to the service. Applying this doctrine to the facts of this case as found by the jury, it must be said that appellant assumed the risks incident to his employment and that the answers of the jury above set out are in conflict with the general verdict.

Appellant also avers that he performed his service under a special order given him by appellee's roadmaster, but upon this branch of the case the jury finds as follows: "14. Did Peter McGuire, in the month of March, 1907, issue a general order to plaintiff Egan and the section crew to get ready to plow the ditches along the side of the tracks of the interurban road between the eastern corporate limits of Jeffersonville and the town of Charlestown and Sellersburg, respectively, in Clark county, Indiana? Yes. 15. Did said Peter McGuire in issuing said general order specially or generally designate the place where the motor car was to be equipped for plowing the said ditches? Yes. 16. Did said Peter McGuire, on April 15, 1907, say to plaintiff and the section gang under the section foreman, John Sykes, that Mr. Cole wanted the plowing to commence on the day after that date, and then told them to get ready to do the plowing at that time? Yes. * * * 23. Was the manner of preparing the car, for the purpose of pulling the plow, with which it was proposed to do the ditching, left to the discretion of the plain-

tiff by the roadmaster, Peter McGuire? Yes. 24. Was the manner of fixing the beam on the motor car with which it was proposed to pull the plow left to the mechanical skill of the plaintiff by the roadmaster, Peter McGuire? Yes. * * * 28. Was there a place at the south end of the cut within full view of the plaintiff, the distance only being sixty feet away, where he could have run his car and performed the work of getting ready to put the beam thereon in perfect safety and without any danger of falling into the quarry? Yes.''

These answers may not be such as to preclude a showing by the evidence that appellant was ordered specially to prepare his car for plowing in the particular place where he was at work when injured, were such a finding in favor of appellant included within the general verdict, but a careful reading of the complaint reveals the fact that it nowhere charges that appellant was directed to prepare the car in a particular place, but only avers that he was directed to attach the aforesaid beam to the car, and while acting under the direction and orders of defendant's superior agent and in the performance of his duties as aforesaid, he stepped from the motor car upon the pathway at the place where it later gave way, and was preparing to attach the beam under the direction of his superior, when the path and wall gave way and he was thrown to the bottom of the quarry and injured. There is no direct averment that he was ordered to do this work at a particular place, therefore the general verdict does not include any such finding in his favor. The averment that he was doing the work under the direction of his superior must be held under facts of this case to apply to the manner of doing the work, and the answers to interrogatories find specifically that the manner of doing the work was left to his discretion. The court did not err in granting appellee's motion for judgment on the answers to interrogatories.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 1100. As to assumption of risk and contributory negligence in law of master and servant, see 97 Am. St. 884; 98 Am. St. 289. As to knowledge as element of employer's liability, see 41 L. R. A. 33. See, also, under (1) 2 Cyc. 672; (2) 2 Cyc. 1013; (3) 38 Cyc. 1869; (4) 26 Cyc. 1514; 38 Cyc. 1927; (5) 38 Cyc. 1929; (6) 26 Cyc. 1177; (7) 26 Cyc. 1513.