## CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* GORMAN.

[No. 8,330. Filed November 24, 1914. Rehearing denied February 12, 1915: Transfer denied March 26, 1915.]

1. EVIDENCE. — *Experts.* — *Examination.* — *"Experience".* — Where physicians examined as medical experts, had detailed the facts ascertained by their examination of plaintiff, the overruling of objections to questions asking each "from your examination * * * basing your answer on your experience as a medical man and the facts that you have here detailed to this jury that you found existed", etc., on the ground that the form of the question required the witness to base his opinion on experience as well as on facts testified to, was not erroneous, since the word "experience" implies skill, facility, or practical wisdom gained by personal knowledge, feeling or action, and though it may mean the course or process by which one attains knowledge and wisdom it is frequently used as the equivalent of the latter terms and was evidently so used and understood in the questions propounded. p. 384.

2. EVIDENCE.—*Experts.*—*Opinion.*—*Basis.*—Where a physician testified in detail to plaintiff's condition as revealed by a physical examination and stated that in his opinion plaintiff's condition was the result of injury, or disease, and if the result of disease the disease may have been caused by an injury, the court did not err in overruling an objection to a question asking the witness to state what in his judgment was the fact as to whether plaintiff was then suffering from some trouble permanent in character, to which he said, "I am of the opinion that it will be", since it is apparent in view of the whole testimony of the witness that he based his opinion on facts which he had fully disclosed to the jury. p. 385.

3. APPEAL.—*Review.*—*Argument to Jury.*—*Reading from Stenographer's Transcript of Testimony.*—While it may not be error to

permit an attorney in argument to read to the jury what he claims to be extracts from the evidence, made by the stenographer from his shorthand notes, the action of the court in refusing to permit such a transcript to be read in argument, and confining the attorney to its use solely for the purpose of refreshing his memory, was a proper exercise of its discretion and not erroneous in the absence of a showing that such discretion was abused or that appellant was harmed thereby. p. 386.

4. RAILROADS.—*Crossing Accidents.*—*Failure to Give Statutory Signals.*—*Complaint.*—The averment in a complaint for injuries received in a collision with a train at a grade crossing, that the whistle was not sounded when the engine was within eighty rods of the crossing, together with the further averment that the train approached the crossing without sounding the whistle or giving any signal, does not amount to a charge of failing to sound the whistle as required by §5431 Burns 1914, §4020 R. S. 1881. p. 389.

5. RAILROADS.—*Crossing Accidents.*—*Failure to Give Statutory Signals.*—*Instructions.*—Although the complaint for injuries received in a railroad crossing accident did not tender an issue on the failure to sound the whistle and ring the bell on the approach of the train to the crossing, as required by §5431 Burns 1914, §4020 R. S. 1881, the giving of instructions to the effect that failure to comply with the statute constituted negligence was not erroneous, where the cause was tried on the theory that such issue was presented by the pleading, and especially in view of the fact that appellant procured the giving of an instruction that the law imposes upon a railroad company at highway crossings certain duties in respect to ringing bells and sounding whistles. pp. 389, 391.

6. APPEAL. — *Review.* — *Issues.* — *Theory.* — *Amendments Deemed Made.*—Where a complaint though failing to charge a failure by defendant railroad company to give the statutory signals of the approach of the train to a highway crossing, was treated as charging such failure, and the cause was tried upon that theory, and there was no showing that defendant was misled to its prejudice, the court on appeal will treat the complaint as having been amended so as to raise the issue as to whether signals were given as required by statute. p. 391.

7. RAILROADS.— *Crossing Accidents.*— *Contributory Negligence.*— *Statutory Signals.*—*Reliance.*—In an action for injuries sustained in a railroad crossing accident, the court did not err in giving to the jury an instruction that in the absence of some warning or evidence to the contrary, the plaintiff had a right to assume that the statutory signals would be given, and if the jury found they were not given, then on the issue of contributory negligence it would be proper for the jury to consider the evidence bearing on said issue in the light of such right to assume. p. 392.

8.  RAILROADS.—*Crossing Accidents.—Reliance on Statutory. Signals.*—While a traveler in approaching a railway crossing has a right to rely on the giving of the statutory signals on the approach of a train thereto in the absence of anything indicating otherwise, he may not blindly rely on such presumption and be justified in failing to exercise reasonable care for his own safety by endeavoring to detect the approach of a train, and such right is merely a circumstance to be considered with all the evidence bearing on the question of contributory negligence.   p. 392.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by John Gorman against the Chicago, Indianapolis and Louisville Railway Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*E. C. Field, H. R. Kurrie* and *W. J. Buskirk,* for appellant.

·  *Perry·McCart* and *W. W. Hottel,* for appellee.

CALDWELL, J.—On a former appeal this cause was reversed, and a new trial ordered for error in excluding offered testimony.  *Chicago, etc., R. Co.* v. *Gorman* (1911), 47 Ind. App. 432, 94 N. E. 730.  A second trial was had on the issues formed on an amended complaint in three paragraphs.

It is disclosed by the complaint that on October 15, 1907, appellant's railroad extended southward through Washington County, and that at a point south of Norris Station, it intersected a public highway, which also extended southward from the station.  On that day appellee was driving a peddling wagon drawn by three horses, southward along the highway.  As he drove the wagon onto the crossing, a south bound freight train operated by appellant collided with appellee and with his wagon and horses, whereby the horses were killed and the wagon and its contents destroyed and appellee seriously injured.  Facts are alleged in each paragraph, charging appellant with negligence in operating the train.  By the first paragraph, appellee seeks to recover for the killing of the horses and the destruction of the property; by the second, he seeks a recovery for injuries to his person, and by the third, he seeks recovery for both his

property loss and the injury to his person. Since the first paragraph is based on such property loss, and the third paragraph includes such element, appellee in such paragraphs, both by general and specific averments, properly alleges his freedom from contributory negligence. Appellant concedes that each paragraph of the complaint states a cause of action. There is, however, a controversy respecting the character of the negligence charged, which controversy we shall consider later.

The court did not err in overruling appellant's motion for judgment on the answers of the jury to the interrogatories propounded by the court.

The substantial questions presented arise under the motion for a new trial, which questions we proceed to consider.

1. Drs. Teaford and Boyd had examined appellee several times after he had received his injuries. These gentlemen were called by appellee as expert medical witnesses, and, by questions directed to that end, were permitted, over appellant's objections, to give their professional opinion respecting the origin and nature of his injuries. Preliminary to such questions, the witnesses had respectively detailed the facts ascertained by such examinations. Each of the questions so objected to contains substantially the following: "From your examination of Mr. Gorman * * * basing your answer on your experience as a medical man and the facts that you have here detailed to this jury that you found existed", etc. The objection in each case goes only to the fact that the form of the question called into action the experience of said medical witnesses. As indicated, these witnesses were called and testified as experts. A question propounded to such an expert for the purpose of eliciting an opinion should be so framed as to require that such opinion be based on facts testified to by such witness, or on facts assumed hypothetically, or on both classes of facts. Gillett, Ind. and Collat. Ev. §210. Here no facts were assumed hypothetically, and since each

of said witnesses was required to base his opinion on facts testified to by him, it is conceded that said questions were correct in form, except it be on account of the element of experience included therein. It is argued that such element in such questions brings them under the condemnation of the rule announced in *Horne* v. *Williams* (1859), 12 Ind. 324, to the effect that an expert medical witness may not give in evidence the particulars of his own private practice. We do not so understand the questions here. Experience is a very potent factor in the process by which a person becomes an expert in any line. An expert, as the word implies, is one having had experience. *Ardesco Oil Co.* v. *Gilson* (1869), 63 Pa. St. 146; Gillett, Ind. and Collat. Ev. §209. While strictly speaking, it may be true that the word "experience" may mean the course or process by which one attains knowledge and wisdom, yet the former term is frequently used as the equivalent of the latter terms. The word "experience" implies skill, facility or practical wisdom, gained by personal knowledge, feeling or action. International Dictionary. The possession of practical wisdom is an essential in order that one may be an expert. The expert submits the facts in a particular case to the scrutiny of the wisdom so acquired and thus he gives an opinion. Any reasonable construction of such questions leads to the conclusion that by the particular feature objected to, said witnesses were called on to use the particular attribute, without which they would not have been experts. The court did not err in overruling the objections to said questions. See *Pennsylvania Co.* v. *Frund* (1891), 4 Ind. App. 469, 472, 30 N. E. 1116.

Dr. Boyd, having testified in detail to appellee's condition, as revealed by a physical examination, made by him, then stated in response to a question that "in his opinion

2. appellee's condition was the result of injury or disease". He then stated that if such condition was

the result of disease, such disease may have been caused by an injury. He was then permitted to answer the following question, over appellant's objection: "What in your judgment is the fact as to whether or not Mr. Gorman is now suffering from some trouble which in its character is permanent?", his answer being "I am of the opinion that it will be". Considering the close connection between the question and answer, and the previous testimony of the witness, and considering also his cross-examination, we think it apparent that the witness based his opinion on facts which he had fully disclosed to the jury. The court did not err in overruling said objection. *Louisville, etc., R. Co.* v. *Holsapple* (1895), 12 Ind. App. 301, 38 N. E. 1107; *Pennsylvania Co.* v. *Frund, supra.* See, also, *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 14, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1; *Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 14 N. E. 572, 16 N. E. 197; *Tullis* v. *Rankin* (1896), 6 N. Dak. 44, 68 N. W. 187, 66 Am. St. 586, 35 L. R. A. 449.

Dr. Green was called and examined as a witness on the subject of appellee's injuries and general physical condition. Appellant's attorney, while making his argument to the jury, produced a paper which he stated 3. was a copy of the testimony given by said witness on his cross-examination, and which he proposed to read to the jury. On objection made, the attorney stated that the paper contained a complete copy of such cross-examination, and that it had been furnished to him by the official stenographer, and that he desired to state these facts and read such cross-examination in full to the jury. The court sustained said objection stating, however, that the attorney in his argument might refresh his memory from the paper as to what the testimony of Dr. Green was on his cross-examination. The court's ruling is properly presented by a special bill of exceptions. *Reed* v. *State* (1897), 147 Ind. 41, 46 N. E. 135, is authority that it is not error for the

court to permit an attorney in argument to read to the jury what he claims to be extracts from the evidence, made by the stenographer from his shorthand notes. Practically to the same effect as *Reed* v. *State, supra,* are the following: *People* v. *Greening* (1894), 102 Cal. 384, 36 Pac. 665; *State* v. *Henson* (1891), 106 Mo. 66, 16 S. W. 285; *State* v. *Costello* (1902), 29 Wash. 366, 69 Pac. 1099. However, it is not held by any of said decisions that it is error to refuse to permit such a transcript to be read in argument. As evidence is heard in a cause, it is presumed that its essential features are at that time lodged in the memories of the jurors. When the hearing of evidence has been finally closed, any practice is at least of doubtful propriety the purpose of which is by some subsequent procedure to make a primary impression of the facts in the case upon the minds of the jurors. Thus, jurors are not permitted to make notes of the evidence to be taken by them to the jury room and there read (*Cheek* v. *State* [1871], 35 Ind. 492), or, except by agreement, to take documentary evidence to the jury room. *Nichols* v. *State, ex rel.* (1879), 65 Ind. 512. But as the faculty of memory is double in its nature, consisting of the power to receive, and also to recall, any practice is not only proper, but also commendable, the purpose of which is to enable jurors to recall and recognize that which originally had been impressed on their memories. While by reason of the fact that an official reporter proceeds under oath, there may be primarily some presumption respecting the verity of his notes or transcript, such presumption is by no means conclusive. When supported by his sworn preliminary testimony as a witness, such a transcript may, in a proper case, be admitted in evidence, but when used on appeal, it obtains its verity from the judge's certificate to the bill of exceptions containing the transcript, rather than from any certificate or affidavit made by the stenographer. To permit the use of such transcript in argument, under the circumstances presented here for the purpose of making an original

impression on the minds of the jurors would be highly improper. It would be just as improper, if such should be the effect of its use, regardless of the actuating purpose. In such a case, the attorney's unverified statement to the jury that such transcript is full and accurate is a hearsay barrier between the jury and the testified facts. Where such a transcript is so used, if it should happen that its contents do not coincide with the refreshed recollection of the jurors as to what the evidence was, and if thereby a conflict arose in the minds of the jurors respecting what the particular witness testified to, and if such conflict persisted, it would not be seriously contended that the jurors should follow the transcript rather than their own recollections. Granting, however, that such a transcript may be properly used, for the purpose of appealing to the recalling and recognizing functions of the memory, rather than to the receiving powers, then it may be said that such a result was reached by the court's ruling, in that the court held that such transcript might be used by counsel in argument for the purpose of refreshing his own recollection in a discussion of the facts. By such a course, the memories of the jurors would be refreshed to the same extent as by reading the transcript to them. *Gwaltney* v. *Scottish, etc., Timber Co.* (1894), 115 N. C. 579, 20 S. E. 465. In the trial of a cause, many matters must of necessity be committed to the sound discretion of the trial court. It is in the midst of the local situation. The trial court was better able than is this court to determine whether the use of such transcript was likely to have some unwarranted or improper effect. We, therefore, hold that the question presented here came within the realm of the sound discretionary power of the trial court. There is nothing to indicate that such discretion was abused or that appellant suffered any injury from the court's ruling. We are sustained by the following: *State* v. *Costello, supra; Gwaltney* v. *Scottish, etc., Timber Co., supra; Ralton* v. *Sherwood Logging Co.* (1909), 54 Wash. 254, 103 Pac. 28;

*State* v. *Manning* (1903), 75 Vt. 185, 54 Atl. 181; *People* v. *Shuler* (1904), 136 Mich. 161, 98 N. W. 986; *Edin* v. *Lingenfelter* (1872), 39 Ind. 19. See, also, *Padgitt* v. *Moll, etc., R. Co.* (1900), 159 Mo. 143, 60 S. W. 121, 81 Am. St. 347, 52 L. R. A. 854; *State* v. *Perkins* (1909), 21 L. R. A. (N. S.) 931, note; 5 L. R. A. Extra Ann. 1593; *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 509, 516, 62 N. E. 32; *Clear Creek Stone Co.* v. *Carmichael* (1906), 37 Ind. App. 413, 419, 73 N. E. 935, 76 N. E. 320.

It is provided by statute that the engineer or other person in charge of a locomotive operating in this State shall sound the whistle of such locomotive distinctly three times, 4. as such locomotive approaches the crossing of any public highway, and when such engine is not less than eighty or more than one hundred rods from such 5. crossing, and ring the bell attached to such engine continuously from the time of sounding the whistle until such engine shall have passed such crossing. §§5431, 5432 Burns 1914, §§4020, 4021 R. S. 1881. The court at the request of appellee charged the jury in several instructions that the failure to comply with the terms of said statute either in respect to sounding such whistle or ringing such bell constituted negligence. It is not contended that these instructions are erroneous as propositions of law, but it is claimed that the court erred in giving them, for the assigned reason that they were not within the issues made by the complaint and answer. Each paragraph of the amended complaint contains the following averment: ''That defendant ran said engine and train along said track and onto and over said crossing, and when within eighty rods of said crossing negligently and carelessly failed to sound the whistle and negligently and carelessly failed to ring the bell on said engine, and said defendant negligently and carelessly failed and neglected to sound said whistle or ring said bell at any time after reaching a point within eighty rods of said crossing until said engine and train collided with and ran into

plaintiff's wagon and team, as hereinafter set out." There is a further averment that said locomotive drawing said train was operated at a speed of sixty miles per hour "and without the ringing of the bell or the sounding of the whistle or the giving of any signal whatever of its approach".

In so far as concerns the sounding of the whistle, three distinct blasts at the eighty-rod point or at the hundred-rod point, or at any point between such points satisfies the statute. An averment that the whistle was not sounded when the engine was within eighty rods of the crossing does not exclude a case where the statute may have been strictly complied with. The subsequent averment that the train approached the crossing, without sounding the whistle or giving any signal is not sufficient as an allegation that the whistle was not sounded as required by statute. Said subsequent averment follows closely after such quoted averments, and the reasonable inference from such subsequent averment is that the pleader is declaring respecting said space within eighty rods of the crossing. Neither paragraph of the complaint contains a sufficient averment that the statute was violated in the matter of failing to sound the whistle. Appellant concedes that each paragraph sufficiently charges the violation of the statute by a failure to ring the bell. It does not follow, however, that the giving of said instructions constituted available or prejudicial error.

At the trial, appellee introduced evidence without objection respecting the failure of appellant to give the statutory signals. Appellant in turn, by a number of witnesses, proved the location of the whistling post for said crossing, and its distance from the crossing, and introduced testimony that the statutory signals were given. It plainly appears from the record that the case was tried on the theory that the question of whether the whistle was sounded as required by the statute was in issue. That appellant recognized that such question was in issue appears from the fact that appellant tendered and procured to be given an instruction con-

taining the statement that the law imposes upon a railroad company at highway crossings certain duties in respect to ringing the bell and sounding the whistle of the locomotive.

It is provided by statute that no variance between allegation and proof is to be deemed material, unless the adverse party has thereby been misled to his prejudice, and 6. that where such a party asserts that he has been so misled, it is incumbent on him to show the fact to the satisfaction of the court (§400 Burns 1914, §391 R. S. 1881); also that where the variance is not material as provided by §400, *supra,* the court may order an immediate amendment (§401 Burns 1914, §392 R. S. 1881); also that when a variance might have been cured by amendment below, this court and the Supreme Court will consider such amendment as in fact made. §700 Burns 1914, §658 R. S. 1881. There is no showing that appellant was to any extent misled to its prejudice by said defect in the complaint. Such being the case, it is the duty of this court, under said statutes, to consider the complaint as having been amended below in such a manner as to raise the issue of whether the locomotive whistle was sounded as required by statute. *Pittsburgh, etc., R. Co.* v. *Warrum* (1908), 42 Ind. App. 179, 195, 82 N. E. 934, 84 N. E. 356; *City of Indianapolis* v. *City Bond Co.* (1908), 42 Ind. App. 470, 472, 84 N. E. 20; *Helms* v. *Appleton* (1909), 43 Ind. App. 482, 489, 85 N. E. 733, 86 N. E. 1023; *Parry Mfg. Co.* v. *Heaton* (1908), 41 Ind. App. 81, 85, 83 N. E. 510; *Louisville, etc., Traction Co.* v. *Lloyd* (1915), *ante* 39, 105 N. E. 519; *Raymond* v. *Wathen* (1895), 142 Ind. 367, 41 N. E. 815; *Indianapolis Traction, etc., Co.* v. *Lawson* (1906), 143 Fed. 834, 74 C. C. A. 630, 6 Ann. Cas. 666, 5 L. R. A. (N. S.) 721; 2 R. C. L. 82.

Moreover, appellant by introducing evidence on such 5. question, and especially by suggesting it in its tendered instructions as indicated, invited the error of which it now complains. Under such circumstances, appellant is estopped from asserting that there is prejudicial

error in said instructions so given at appellee's request. *Duncan* v. *State* (1908), 171 Ind. 444, 86 N. E. 641; *Lawson* v. *State* (1908), 171 Ind. 431, 440, 84 N. E. 974; *Baltimore, etc., R. Co.* v. *Conoyer* (1898), 149 Ind. 524, 48 N. E. 352, 49 N. E. 452; Elliott, App. Proc. §§626, 627; Ewbank's Manual §255; *Eagan* v. *Louisville, etc., Traction Co.* (1903), 55 Ind. App. 423, 103 N. E. 1100; 2 R. C. L. 238.

Instruction No. 12 given at appellee's request is in substance that in the absence of some warning, or evidence to the contrary, appellee had a right to assume that the statutory signals would be given, and if the jury found from the evidence that they were not given, then on the issue of contributory negligence, it would be proper for the jury to consider the evidence bearing on said issue in the light of such right to assume. The court did not err in giving said instruction. It is practically a verbatim copy of instruction No. 10 approved in *Pittsburgh, etc., R. Co.* v. *McNeil* (1904), 34 Ind. App. 310, 317, 69 N. E. 471. The duty to give such signals and the fact that they are or are not given in a particular instance are circumstances attending the attempt of the traveler to pass over the crossing. Since such duty is a positive one commanded by the statute, such a traveler in approaching such crossing has a right to assume that the statute will be obeyed, and the signals given, in the absence of anything indicating otherwise. This right, however, does not go to the extent that such traveler may blindly rely on such presumption and be justified in failing to exercise reasonable care for his own safety by endeavoring to detect the approach of the train. Such right is merely a circumstance to be considered with all the evidence bearing on such question, in determining whether such traveler did exercise such reasonable care. Said instruction No. 12 was fully supplemented by instruction No. 11 given at appellee's request, and by instructions Nos. 1 and 2 given at appellant's request,

whereby the jury was instructed that if appellant failed to give the statutory signals of the approach of said train, such fact did not excuse appellee from performing his duty to exercise care for his own safety by the use of reasonable efforts to ascertain whether a train was approaching, as to which reasonable efforts and care the jury was fully and specifically instructed. See the following: *Pittsburgh, etc., R. Co.* v. *McNeil, supra; Cleveland, etc., R. Co.* v. *Lynn* (1909), 171 Ind. 589, 85 N. E. 999, 86 N. E. 1017; *Baltimore, etc., R. Co.* v. *Conoyer, supra; Chicago, etc., R. Co.* v. *Daun* (1913), 53 Ind. App. 382, 387, 101 N. E. 731; *Cleveland, etc., R. Co.* v. *VanLaningham* (1913), 52 Ind. App. 156, 97 N. E. 573; *Cleveland, etc., R. Co.* v. *Rumsey* (1913), 52 Ind. App. 371, 100 N. E. 782.

Appellant criticizes instructions Nos. 14, 15 and 16 given at appellee's request, on the ground that the instructions are too general in their exposition of the principles of reasonable care, as applied to the issue of contributory negligence. The court entered into these principles fully and specifically, by instructions given at appellant's request.

We find no substantial error in other questions presented and discussed. It is urged that the evidence shows appellee to have been guilty of contributory negligence. Considering the highly obstructed nature of the crossing, and the evidence as to the care exercised by appellee, such issue was properly for the determination of the jury. There is no error for which the judgment should be reversed. Judgment affirmed.

Felt, Lairy, Ibach and Shea, JJ., concur; Hottel, C. J., not participating.

NOTE.—Reported in 106 N. E. 897. As to the care which railroad company must exercise at crossings of highways, see 26 Am. Rep. 207. Failure of railroad company to give statutory signals on approaching crossing as excuse for traveler's contributory negligence, see 6 Ann. Cas. 78. Admissibility of opinion as to future conse-

quences of injury, see 21 Ann. Cas. 326. See, also, under (1) 17 Cyc. 242; (2) 17 Cyc. 41; (3) 3 Cyc. 333; (4) 33 Cyc. 1058, 1057; (5) 38 Cyc. 1615; 33 Cyc. 1132; (6) 3 Cyc. 291; (7) 33 Cyc. 1028, 1138; (8) 33 Cyc. 1028.